---

POWLEY v. VIVIAN & CO., Inc.

(No. 133/27.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1915.)

1. MASTER AND SERVANT ⬅→87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—"INDEPENDENT CONTRACTOR"—"EMPLOYÉ."

The Workmen's Compensation Law (Laws 1914, c. 41) applies to employés in hazardous employments, but not to independent contractors. The owner of a dredge contracted to let it to defendant to be used in dredging operations during the continuance of a contract between defendant and a third person; such lease vesting no right of control of the management of the dredge in the defendant, leaving it wholly in the owner or his substitute, providing that defendant should use no other dredge so long as the owner's dredge was able to do the work required by the defendant's contract, that neither party should be liable to the other or to third persons for the negligent acts or omissions of the other, and that the agreement should be binding upon the heirs and assigns of the parties, thus recognizing their right to voluntarily dispose of their interest in the contract, and providing for its continuance in that event, or in case of the owner's death. *Held* that, although the defendant from time to time directed the particular places where the dredging was to be done, such contract did not make the owner of the dredge, while operating it, an employé, for injuries to whom the lessee would be liable under the Workmen's Compensation Law, but an "independent contractor," which is defined as one who exercises an independent employment and contracts to do a piece of work according to his own methods, and without subjection to the control of his employer, except as to the results of his work, not as to the means by which it is accomplished.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

2. MASTER AND SERVANT ⬅→87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—INDEPENDENT CONTRACTOR AS "EMPLOYÉ."

Where the owner of a dredge leased it by contract whereby he became an independent contractor for the dredging operation, but his employer was obligated by its agreement to furnish supplies to the dredge, and such independent contractor was injured while operating a gasoline launch to bring such supplies to the dredge, in the absence of a man furnished by the employer to run the launch, as to such incidental work the independent contractor was not such, but an "employé," within the Workmen's Compensation Law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

3. MASTER AND SERVANT ⬅→87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—WAIVER OF RIGHT TO COMPENSATION.

Under Workmen's Compensation Law, § 32, providing that no agreement by an employé to waive his right to compensation under the law shall be valid, a provision, in a lease contract for a dredge, whereby the owner and the employer exempted each other from liability for all acts of

⬅→For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fault or omission, was not effective, even if applicable, to release the employer from liability under the law to the owner of the dredge for an injury while running a gasoline launch as an employé.

4. MASTER AND SERVANT ⊜⟶250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—PRESUMPTIONS.

Under Workmen's Compensation Law, § 21, providing that, in the absence of substantial evidence to the contrary, it shall be presumed that a claim comes within the law, and section 20, providing that the decision of the Commission shall be final as to all questions of fact, where the employer and insurer offered no explanatory evidence at the hearing before the Commission, although the evidence on the point was meager, the Supreme Court could not interfere with such Commission's finding as a conclusion of fact that the claimant's injuries were accidental, arising out of and in the course of his employment.

Howard, J., dissenting.

Appeal from Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Law by A. Ray Powley to obtain compensation for personal injuries, opposed by Vivian & Co., Incorporated, the employer, and the Travelers' Insurance Company. Compensation was awarded in the sum of $15 a week for six weeks, and the employer and the Insurance Company appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Amos H. Stephens, of New York City (E. Clyde Sherwood, William B. Davis, and Robert B. Cumming, all of New York City, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for the People.

Jeremiah F. Connor, of New York City, for State Workmen's Compensation Commission.

Solomon C. Whitbeck, of New York City, for respondent.

LYON, J. The single question for determination upon this appeal is whether the claimant, at the time he was injured, was an employé of the defendant, Vivian & Co., Incorporated, within the meaning of the Workmen's Compensation Law, or was an independent contractor. Vivian & Co., Incorporated, hereinafter mentioned as "Vivian Co.," was engaged, under a contract with one Coen, in dredging waters at Oyster Bay, N. Y., for which service it was to be paid for the quantity of sand and gravel removed. It was the owner of scows within which to dump and carry away the material dredged. The claimant was the owner of a dredging machine and appurtenances, and of the cooking, culinary, and commissary equipment thereof.

In July, 1914, the claimant and Vivian Co. entered into an agreement in writing by which the claimant agreed to furnish his dredge with its equipment and appurtenances in good working order to Vivian Co. for the use of Vivian Co. in its dredging operations during the continuance of an assigned contract between Vivian Co. and Coen; such lease of said dredge under the terms of the agreement not to extend beyond three years, the claimant further agreeing to turn over and deliver to Vivian Co. all the cooking, culinary, and

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

commissary department and equipment thereof then on the dredge for the use of Vivian Co. during the dredging operations. The agreement further provided that Vivian Co. was to pay the claimant for the use of the dredge and commissary department, and for the services of the claimant (or of such competent man as he might select to take his place in charge of said dredge and the crew thereof), the sum of $500 per month, and, in addition thereto, to pay the claimant 3 cents per cubic yard for all yardage delivered on scows in excess of 20,000 cubic yards per month from the dredging operations of Vivian Co. under the Coen contract, and in determining such yardage the measurements of the sand and gravel dredged under the Coen contract for which Vivian Co. received payment were to be the standard on which such compensation, if any, should be paid by Vivian Co. to the claimant. Vivian Co. was to furnish a monthly report of the dredged material removed, payment for the rental and any yardage to be made every month. The claimant was to pay for all machinery repairs and new parts which might be required from time to time for the dredge. Vivian Co. was to pay the wages of the crew, expenses of the commissary department or the board of the crew, and for all fuel, oil, and operating expenses of every kind. The agreement, by clause 7, provided that "the dredge is to be operated for the benefit of the party of the second part" (Vivian Co.) "under the management of the said party of the first part or some competent person selected by him and satisfactory to the said party of the second part"; by clause 8, that Vivian Co. "is not to use any other dredging plant on the said work so long as the said dredge and equipment of the said party of the first part is sufficient to dredge and furnish the quantity of material required by the terms of the Coen contract"; by clause 9, that "neither party hereto shall be liable or answerable in any way for any loss or damage suffered or sustained by the other, or by third parties in their person or property, through the fault, neglect, or omission of the other party hereto or his or its servants or agents"; and, finally, that "this agreement is to be binding upon and for the benefit of the heirs, executors, administrators, successors, and assigns of the respective parties hereto."

In accordance with this agreement, the claimant furnished the dredge with its equipment, together with the personal property mentioned in the agreement, and the performance of the work specified in the Coen contract was entered upon. Following the injury to claimant, the management of the operation of the dredge was continued by a person employed by the claimant. For use in connection with the dredging operations was a motor launch of which Vivian Co. was the lessee, from some person other than the claimant, which was used in carrying the men and supplies between the shore and the dredge, and was used generally wherever needed in connection with the dredging operations. In September, 1914, the claimant, in order to crank the motor, took hold of the cranking handle upon the flywheel. The motor back-fired, and the handle struck the claimant, breaking his right arm at the wrist. This is the injury for which compensation is sought.

The Workmen's Compensation Commission found as conclusions of

fact that on the day the claimant received his injuries he was employed by Vivian Co. as an operator of a dredging machine; that on said date, while claimant was attempting to start a motor on a motor boat which was operated in connection with the dredge, the motor back-fired, and broke his right wrist; that such injuries were accidental injuries, and arose out of and in the course of his employment; and that the claim came within the provisions of the Compensation Law. The Commission, having fixed the average weekly wages of claimant at $26.54, made an award to him of $15 per week for 6 weeks, beginning at the expiration of 2 weeks from the happening of the injury. From such award, this appeal has been taken by both the employer and the insurer.

[1, 2] Manifestly the first question to be considered is whether under the agreement the claimant was an employé or an independent contractor. Section 3 of the Compensation Law defines the term "employer," as used in the act, as a " * * * corporation * * * employing workmen in hazardous employments," and defines the term "employé" as a " * * * person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same. * * *" An "independent contractor" is defined as one who exercises an independent employment and contracts to do a piece of work according to his own method and without being subject to the control of his employer, save as to the results of his work. Alexander v. R. A. Sherman Sons Co., 86 Conn. 292, 85 Atl. 514. The true test of a contractor would seem to be that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it. Shearman & Redfield on Negligence (6th Ed.) § 164; Hexamer v. Webb, 101 N. Y. 377, 385, 4 N. E. 755, 54 Am. Rep. 703; Cunningham v. Intern. R. Co., 51 Tex. 503, 32 Am. Rep. 632; Andrews v. Boedecker, 17 Ill. App. 213. An independent contractor is not in any legal sense a servant of his employer, but is one exercising an independent employment under a contract to do certain work by his own methods without subjection to the control of his employer, except as to the product or result of the work. Indiana Iron Co. v. Cray, 19 Ind. App. 565, 48 N. E. 803. To the same effect, Parrott v. Chicago Great Western Ry., 127 Iowa, 419, 103 N. W. 352; Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112; Wood on Master and Servant, § 424; Thompson on Neg. § 622.

While frequently it is difficult to distinguish between the position of servant, and that of a person exercising an independent calling, the evidence in this case strongly tends to relieve the uncertainty. The claimant was a contractor of 20 years' experience in dredging operations, and concededly thoroughly competent to manage the operation of a dredge. While he was required to bear the expense of necessary repairs and new parts to the machinery, he had no power to hire or discharge a man, and paid no part of the dredging expenses. Vivian Co. paid the wages of the crew, the expenses of the commis-

sary department, or the board of the crew, and for all fuel, oil, and operating expenses of every kind. That the relation of the claimant to Vivian Co. in hiring out with his dredge was that of a person exercising an independent calling, and not that of a mere employé, is manifest throughout the agreement. This is particularly apparent from the clauses before quoted, by which no right of control of the management of the operation of the dredge was vested in Vivian Co., but was vested wholly in the claimant or in his substitute; that Vivian Co. should use no other dredge so long as the claimant's dredge was able to do the work required by the Coen contract; that neither party should be liable to the other, or to third parties, for the negligent acts or omissions of the other; and that the obligations and benefits of the agreement should be binding upon and extend to the heirs, representatives, and assigns of the respective parties, thus apparently recognizing the right of either party to voluntarily dispose of his or its interest in the contract, and providing for its continuance in that event, or in the event of the death of the claimant. The fact that Vivian Co. may from time to time have directed the particular places at which the sand and gravel should be taken out was in no way inconsistent with the claimant's relation being that of an independent contractor. "The mere fact of direction as to things to be done, without control over the methods or means of doing them, does not make a contractor a servant." Shearman & Redfield on Neg. § 164. The mere fact that a person hiring a livery team may direct the driver where to go, and at what speed, does not create the relation of master and servant. Kellogg v. Church Charity Foundation, 203 N. Y. 191, 197, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883. The provisions of the agreement and the acts of the parties under it, as disclosed by the record, are consistent only with the relation of the claimant being that of a person exercising an independent calling. To that relation, by itself, the Compensation Law does not apply.

However, at the time of sustaining the injury the claimant was not engaged in the specific work of managing the operation of the dredge. He was necessarily, he says, transporting supplies to the dredge when he sustained the injury. Vivian Co. was obligated by the agreement to furnish these supplies. The launch man was its employé, and it was its duty to furnish a man to run the launch. In performing that duty Vivian Co. failed, and, as the claimant says, "I had to get the supplies myself." In the performance of that act the claimant is to be regarded, not as an independent contractor, but as an employé, within the intent of the Workmen's Compensation Law. "One who has an independent business, and generally serves only in the capacity of a contractor, may abandon that character for a time, and become a mere servant or agent, and this, too, without doing work of a different nature from that to which he is accustomed; * * * and he may even be a contractor as to part of his service and a servant as to part." Shearman & Redfield on Neg. (6th Ed.) § 165. Where an independent contractor had finished a building, it was held that in throwing waste material from the roof he was acting as a servant of the owner. Swart v. Justh, 24 App. D. C. 596.

[3] The provision in the agreement by which each party exempted the other from all acts of fault or omission, even if in terms applicable to a claim of this character, would be wholly ineffective. An agreement by an employé to waive his right to compensation under the Workmen's Compensation Law is not only void as against public policy, but also under the express provision of section 32 of that act.

[4] The defendants did not see fit to offer any explanatory evidence whatever upon the hearing before the Commission. The presumption, in the absence of substantial evidence to the contrary, is that the claim comes within the provisions of the Compensation Law (section 21). The evidence is meager, but upon it the Commission has found as a conclusion of fact that the injuries to the claimant were accidental, and arose out of and in the course of his employment. With such conclusion, which by the Compensation Law (section 20) is made final as to all questions of fact, I think we should not interfere.

The award should therefore be affirmed. All concur, except HOWARD, J., who dissents.