## COLUMBIA SCHOOL SUPPLY COMPANY *v*. LEWIS.

### [No. 9,791.  Filed December 21, 1916.]

1. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Scope.— Employe*—Under §76 of the Workmen's Compensation Act (Acts 1915 p. 392), which defines an employe as every person in the service of another under any contract of hire or apprenticeship written or implied, except casual laborers, etc., one who is an independent contractor is not included within the protection of the act.  p. 388.

2. **MASTER AND SERVANT.**—*Independent Contractor.—Determination. —Questions of Law and of Fact.*—The question of what constitutes an independent contractor is ordinarily one of mixed law and fact.  Where the evidence with respect to the relation is oral, and is sufficient to establish the existence of some relation, and if it be uncontradicted and reasonably susceptible of but a single inference, the question of what relation is thereby shown to exist is a law question, but if the evidence is conflicting, or is such that different deductions may reasonably be drawn therefrom leading to different conclusions as to what relation is established, it is a question of fact, in the sense that the triers of the facts must determine the facts and draw the inferences and make the deductions, but even in such a case certain legal standards and principles must be applied to the facts after they are ascertained and a question of law is thereby involved, so that the ultimate question of whether a person is an employe or an independent contractor under certain facts involves a law question.  p. 389.

3. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Injury in Course of Employment.—Question of Law.*—Where the facts, including all reasonable inferences to be drawn therefrom, are ascertained, the ultimate question from such facts of whether an injury under consideration was an injury by accident arising out of and in the course of the employment within the meaning of the Workmen's Compensation Act involves a law question.  p. 390.

4. **MASTER AND SERVANT.**—*Workmen's Compensation Act.—Award for Injury.—Appeal.*—If, in an action for an award under the Workmen's Compensation Act (Acts 1915 p. 392) the uncontradicted evidence, when measured by legal standards that must be

applied, established the relation of contractee and independent contractor rather than that of employer and employee, as those terms are used in the act, or if such uncontradicted evidence established that the injury complained of was not an injury arising out of and in the course of employment, an award involves errors of law, and the cause is appealable under §61 of such act, providing that appeals may be taken from awards of the industrial board to the Appellate Court for errors of law. p. 390.

From the Industrial Board of Indiana.

Action by Charles Lewis under the Workmen's Compensation Act against the Columbia School Supply Company. Defendant appeals from a judgment for plaintiff, and the latter moves to dismiss the appeal. *Motion to dismiss appeal overruled.*

*McKay, Turner & Robertson,* for appellant.
*Willard Robertson,* for appellee.

CALDWELL, J.—Appellee, while hauling goods for appellant, suffered certain physical injuries. His cause having been regularly brought before the Industrial Board, under the provisions of the act of 1915 (Acts 1915 p. 392), a hearing before a member of the board resulted in a finding and award in appellee's favor. The cause having been reviewed by the full board on application to that end, there was a like finding and award, from which award this appeal is prosecuted. Appellee has filed a motion to dismiss the appeal, on the ground that appellant presents for our consideration no error of law.

Section 61 of the act provides, in substance, that an award, if not reviewed in due time, or an award of the board upon such review shall be conclusive and binding as to all questions of fact, "but either party to the dispute may within thirty days from the date of the award, appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

The finding is in part that appellee "was in the employment" of appellant, and that he "received a personal injury by an accident arising out of and in the course of his employment." On the finding appellee was awarded a certain weekly compensation for 100 weeks.

Appellant's assignment of error in this court is in part to the effect that there was no evidence tending to show that the relation of employer and employe existed between appellant and appellee, but that the evidence affirmatively established that such relation was that of contractee and independent contractor; and that there was no evidence from which it might be determined that appellee received his injuries by accident arising out of and in the course of his employment.

An inspection of the act discloses that it deals with employers and employes. By §76 an employer is defined as including "any individual, firm, * * * using the services of another for pay"; and an employe is defined as including "every person * * * in the service of another under any contract of hire or apprenticeship written or implied," except casual laborers, etc. The same section of the act limits the injuries for which there may be an award under the act to injuries "by accident arising out of and in the course of the employment."

It seems to be conceded by appellee's counsel that, if appellee were in fact an independent contractor, rather than an employe, he is not included within the protection of the act. Such seems to be the effect of the definition of an employe as contained in the act, and as above set out. The courts so hold under similar acts. See cases collected in note to *Rayner* v. *Sligh Furn. Co.* (1914), L. R. A. 1916A 118, 247; *Matter of Powley* v. *Vivian & Co.* (1915), 169 App. Div. 170, 154 N. Y. Supp. 426; *Matter of Rheinwald* v. *Builders, etc., Co.* (1915), 168 App. Div. 425, 153 N. Y. Supp. 598.

Appellee contends, however, that as to whether he was an independent contractor rather than an employe within the meaning of the act was a question of fact for the Industrial Board, and that the board determined that he was an employe by finding that he was "in the employment" of appellant. Appellant, however, contends that the question of what constitutes an independent contractor is a question of law, and not a question of fact.

It may be said, however, that such question is ordinarily one of mixed law and fact. Where the evidence with respect to the relation under investigation is oral as 2. here, and is sufficient to establish the existence of some relation, and if it be uncontradicted and reasonably susceptible of but a single inference, the question of what relation is thereby shown to exist is a law question; but if the evidence is conflicting, or is such that different deductions may reasonably be drawn therefrom leading to different conclusions as to what relation is established, it is a question of fact, in the sense that the triers of the facts must determine the facts and draw the inferences and make the deductions.

But even in such case, in order that the ultimate question of what relation is shown to exist may be determined, there must be applied to the facts, after they are so ascertained, including inferences and deductions reasonably drawn, a certain legal standard and certain legal principles, and hence a question of law is involved. It follows that the ultimate question of whether a person is an employe or an independent contractor under certain facts involves a law question. *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 318, 45 N. E. 470; *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 199, 104 N. E. 99; *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 86, 104 N. E. 111; *Richmond* v. *Sitterding* (1903), 101 Va. 354, 43 S. E. 562, 65 L. R. A. 445, note 508, 99 Am. St. 879; *Knicely* v. *West Virginia, etc., R. Co.*, 17 L. R. A. (N. S.), note

382. A like course of reasoning establishes that, 3. where the facts, including all reasonable inferences to be drawn therefrom, are ascertained, the ultimate question from such facts of whether a certain injury under investigation was an "injury by accident arising out of and in the course of the employment" also involves a law question. It is so regarded and treated by the courts. See the following: *Rayner* v. *Sligh Furn. Co., supra,* note 227, 232; *Vennen* v. *New Dells Lumber Co.* (1915), 161 Wis. 370, 154 N. W. 640, L. R. A. 1916A 273; *Hurle's case* (1914), 217 Mass. 223, 104 N. E. 336, L. R. A. 1916A 279, Ann. Cas. 1915C 919; *Adams* v. *Acme, etc., Works* (1914), 182 Mich. 157, 148 N. W. 485, L. R. A. 1916A 283, Ann. Cas. 1916D 689; *Zappala* v. *Industrial Ins. Comm.* (1914), 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A 295; *Industrial Comm.* v. *Brown* (1915), 92 Ohio St. 309, 110 N. E. 744, L. R. A. 1916B 1277.

If, as charged by appellant in its assignment of errors, the uncontradicted evidence, when measured by legal standards that must be applied, established the relation of 4. contractee and independent contractor rather than that of employer and employe, as those terms are used in the act, or if such uncontradicted evidence established that the injury complained of was not "an injury by accident arising out of and in the course of the employment," the award here involves errors of law, and the cause is appealable. It results that the motion to dismiss must be overruled.

We would not be understood as determining anything at this time respecting the scope of the terms "employer" and "employe," as used in the act, or as indicating anything respecting the line dividing the relation thereby expressed from the relation of contractee or independent contractor, in proceedings brought under the act. The courts, however, in proceedings brought under similar acts

have manifested a disposition in favor of the former relation in doubtful cases.

The motion to dismiss the appeal is overruled.

NOTE.—Reported in 115 N. E. 103. Master and servant, persons deemed independent contractors, see notes, 65 L. R. A. 445; 17 L. R. A. (N. S.) 371; 26 Cyc 1546.