Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GRAZIANO M. MANDATTO, Respondent, for Compensation under the Workmen's Compensation Law, v. HUDSON SHORING COMPANY, Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 29, 1919.

**Workmen's Compensation Law — employee — independent contractor.**

Where the claimant, employed to excavate the cellar of a building, and a shoring company, having a contract to shore up the walls of the adjoining building, made a verbal agreement that each would assist the other, and that the claimant would use his machinery in assisting said company in return for the use of its blocking and timbers, said claimant while assisting the company, at its request, in shoring operations was an employee within the meaning of subdivision 4 of section 3 of the Workmen's Compensation Law, and was not an independent contractor.

H. T. KELLOGG, J., dissents, with memorandum.

APPEAL by the defendants, Hudson Shoring Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 1st day of July, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Bernard L. Shientag*, counsel for State Industrial Commission, for the respondent State Industrial Commission.

*James C. Danzilo*, for the claimant, respondent.

LYON, J.:

This appeal is taken upon the ground that the claimant was not at the time of receiving the injury an employee of the defendant the Hudson Shoring Company, but was an independent contractor. The White Fireproof Construction Company had a contract to erect a building in Brooklyn, N. Y. It had made a contract with the Hudson Shoring Company

to shore up the building on adjacent property. It had also made a contract with the claimant to excavate the cellar of the building. For the purpose of doing such work the claimant had a derrick and a gasoline engine. The claimant made a verbal agreement with the Hudson Shoring Company that each would mutually assist the other; that the claimant might use the blocking and timbers the Hudson Shoring Company had upon the work, and in return therefor the claimant would use his derrick and engine in assisting it in its work. On June 27, 1918, the Hudson Shoring Company asked the claimant, in pursuance of the agreement between them, to use his derrick and engine to hoist for it a large beam which it was using in its shoring operations. While doing so, claimant's right foot became caught in the slack end of the ropes being used and was badly crushed, disabling the claimant. The State Industrial Commission made an award of compensation against the Hudson Shoring Company and its insurance carrier, and continued the claim for further hearing. From such award this appeal is taken.

The claimant was rendering service to the Hudson Shoring Company at its request. While there was no agreement to pay him in money for the service rendered, yet he was to receive the use of blocking and timbers as the consideration therefor. He was not engaged in the performance of any work for himself, nor upon his contract for excavating, but while rendering such service he was an employee of the Hudson Shoring Company within the meaning of the Workmen's Compensation Law, section 3, subdivision 4. (*Matter of Kucharuk* v. *McQueen*, 221 N. Y. 607; *Matter of De Noyer* v. *Cavanaugh*, Id. 273; *Matter of Dale* v. *Saunders Bros.*, 218 id. 59; *Matter of Powley* v. *Vivian & Co., Inc.*, 169 App. Div. 170.)

The award should be affirmed.

All concur, except H. T. KELLOGG, J., dissenting, with a memorandum.

H. T. KELLOGG, J. (dissenting):

The claimant was an independent contractor, who had a contract to make an excavation which he was performing through his own labor and that of his men, by the use of a derrick, a gas engine and other equipment. He was asked by

the Hudson Shoring Company, which also had a contract relating to the same job, to assist with his derrick in lifting a timber for that company. The claimant complied with the request, and in the course of lifting the timber caught his foot in a rope and was injured. In all of the cases dealing with the subject of a general and a special employer there is invariably present a contract relationship of master and servant, of an employment for hire, a condition of subjection of one person as a servant to the orders and directions of another person as an employer. The general employer hires the servant for a consideration to be paid, and loans the servant so hired to the special employer, to whose orders he is subjected by the direction of the general employer, and the relationship of a subordinate to a superior continues as well as the payment of compensation. In this case the claimant had no general employer, and having none his services were not loaned by such an employer. A new relationship of master and servant was not created for the reason that the claimant was to receive no wages, and in no wise subjected himself to the orders of the Hudson Shoring Company as a subordinate servant subjects himself to the orders of a superior master. Therefore, I think the award should not have been made.

Award affirmed.