## SRAJN ET AL. v. TIGHE COAL COMPANY.

[No. 12,237.   Filed October 27, 1925.]

MASTER AND SERVANT.—*Dependency of child terminates, as matter of law, when it reaches age of eighteen.*—Under §38 of the Workmen's Compensation Act (§9483 Burns 1926, Acts 1919 p. 158), the dependency of a child who has attained the age of eighteen who is not mentally or physically incapacitated from caring for itself, and who is living with its parents, termi-

nates, as a matter of law, when the child reaches the age of eighteen years.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Antoinette Srajn and others against the Tighe Coal Company. From an order of the Industrial Board denying an award, except to one claimant for a limited time, the claimants appeal. *Affirmed.* By the court in banc.

*Harold A. Henderson,* for appellants.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellee.

REMY, C. J.—On July 29, 1923, as a result of an accident which arose out of and in the course of his employment by appellee, Vasclav Srajn lost his life, leaving three children, Antoinette, Anna and Vlasta Srajn, aged respectively twenty-four, nineteen and seventeen years, the last named lacking but one month and twenty-six days of being eighteen years of age. At the time of the employee's death, all of the children resided with him, and none of them was mentally or physically incapable of earning its own support. Although appellants had attained the ages stated, and each was mentally and physically capable of earning its own support, they nevertheless filed with the Industrial Board their joint application for compensation, claiming to have been dependents of their father at the time of his death. At the hearing, the ages and mental and physical condition of the children having been established by the evidence, the board refused to consider evidence of their actual dependency, and made an award denying compensation to Antoinette and Anna, and granting com-

pensation to Vlasta, but stipulated that compensation to her should cease when she attained the age of eighteen years.

The sole question presented by this appeal is: Under §38 of the Workmen's Compensation Act (Acts 1919 p. 158), is the dependency of a child who has attained the age of eighteen years, who is not mentally or physically incapacitated from caring for itself, and who is living with its parents, a question of fact to be determined by the Industrial Board, or does such dependency terminate as a matter of law when the child reaches the age of eighteen years?

The provisions of §38 which, in determining the question, we are required to consider, are: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she is living at the time of death, or upon whom the laws of the state impose the obligation of her support at such time. (b) A husband, who is both physically and financially incapable of self-support, upon his wife with whom he is living at the time of her death. (c) A child under the age of eighteen years upon the parent with whom he or she is living at the time of the death of such parent. (d) A child under eighteen years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child. (e) A child over the age of eighteen years who is either physically or mentally incapacitated from earning his or her own support, upon a parent with whom he or she is living at the time of the death of such parent, or upon whom the laws of the state at such time impose the obligation of the support of such child. * * * In all other cases, questions of total depend-

ency shall be determined in accordance with the fact, as the fact may be at the time of the death and the question of partial dependency shall be determined in like manner as of the date of the injury.  *  *  * The dependency of a widow, widower or child shall terminate with his or her marriage subsequent to the death of the employe. The dependency of a child, except a child physically or mentally incapacitated from earning, shall terminate with the attainment of eighteen years of age."

It is to be observed that this section provides certain rules of law to govern the Industrial Board in determining what persons were wholly dependent upon a deceased employee at the time of his death. Following these rules, which are designated by the letters "a," "b," "c," "d" and "e," and which are inaccurately termed "conclusive presumptions," is the provision that: "In all other cases, questions of total dependency shall be determined in accordance with the facts," etc. Because of this provision, it is urged by appellants that the question of their dependency at the time of their father's death is one of fact. There might be some merit in this contention were it not for the last clause of the section which specifically provides, that, "The dependency of a child, except a child physically or mentally incapacitated from earning, shall terminate with the attainment of eighteen years of age." In view of this specific provision, the meaning of which cannot be misunderstood, the Industrial Board correctly held that the dependency of each of appellants terminated, as a matter of law, when it attained the age of eighteen years.

Affirmed.