CARTER ET AL. v. TEMPLETON COAL COMPANY.

[No. 12,863.　Filed May 17, 1927.]

1. MASTER AND SERVANT.—*Thirty-six year old daughter not "dependent" under Workman's Compensation Act if not incapacitated.*—Under the provisions of §38 of the Workmen's Compensation Act (§9483 Burns 1926), a thirty-six year old daughter who was not physically or mentally incapacitated at the time of her father's death was not a "dependent" so as to be entitled to compensation for his death, though a member of the father's household and, as such, had been supported by him.　p. 176.

2. MASTER AND SERVANT.—*Fifteen year old illegitimate child of employee's daughter held entitled to compensation for death of her grandfather.*—A fifteen year old illegitimate child of an employee's daughter was entitled to compensation as a total dependent for the death of her grandfather where he had supported her from birth as a member of his family, together with her mother, and neither of them had any other means or source of support.　p. 176.

From Industrial Board of Indiana.

Application under the Workmen's Compensation Act by Frankie Carter and Glenn Carter for compensation for the death of James Carter, employee, opposed by the Templeton Coal Company, employer. From an order denying compensation to either of them, they appeal. *Affirmed as to Frankie Carter and reversed as to Glenn Carter.* By the court in banc.

*John A. Riddle,* for appellants.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *G. W. Buff,* for appellee.

NICHOLS, J.—This is a claim for compensation filed with the Industrial Board, occasioned by the death of James Carter, the father and grandfather respectively of appellants, in which they allege they were wholly dependent upon said decedent for support at the time of his death.

The board, on October 12, 1926, found that appellants should take nothing by their complaint herein, that appellant Frankie Carter was thirty-six years old and was neither physically nor mentally incapacitated at the time of the death of her father, that neither of the appellants was dependent on the said James Carter at the time of his death, and entered an award against appellants, from which this appeal, appellants assigning that the award is contrary to law.

The undisputed evidence in this case, in addition to the admitted fact of the death of James Carter resulting from an injury arising out of and in the course of his employment, shows that appellant Frankie Carter, the daughter of James Carter, deceased, had been, since her birth, a member of his family; that for nineteen years, since the death of her mother, she had kept house for her father and that, during that time, she had given birth to two illegitimate children. The elder, named Gertrude Humphrey, was nineteen years old August 5, 1926. The other, appellant Glenn Carter, was fifteen years old on April 12, 1926. These illegitimate children, together with their mother, constituted the family of James Carter at the time of his death, had been supported exclusively on his earnings during the past nineteen years, and neither of them had any other means or source of support except Gertrude, who was, at the time of the death, working but not contributing anything to the family.

The Industrial Board having found as a fact that appellant Frankie Carter was thirty-six years old, and was neither physically nor mentally incapaci-

1, 2.     tated at the time of the death of her father, as to her, §38 of the Workmen's Compensation Act, being §9483 Burns 1926, expressly providing that the dependence of a child, except a child physically or mentally incapacitated from earning, shall terminate with

the attainment of eighteen years of age, the case of *Srajn* v. *Tighe Coal Co.* (1925), 83 Ind. App. 537, 149 N. E. 187, is directly in point, and we hold, on the authority of that case, that she was not entitled to compensation. But such §38, after provisions as to who shall be presumed to be totally dependent for support upon the deceased employee, none of which provisions would include appellant Glenn Carter, also provides that, in all other cases, the question of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death of the employee. What, then, are the undisputed facts with reference to the total dependency of appellant Glenn Carter, for support, on her grandfather, at the time of his death? In the year 1907, the wife of James Carter, the deceased employee, died, leaving her husband, and a daughter, appellant Frankie Carter, surviving. The husband thereafter lived with his said daughter, he furnishing the means of support and she keeping house for him. Four years thereafter the daughter, while residing in that home with her father, gave birth to an illegitimate daughter, appellant Glenn Carter. We may well infer the father was deeply humiliated and incensed at this second betrayal of his daughter by the putative father of her children, and it appears by the evidence that he then declared that "he would take care of the child, raise her up, and put her through school without asking him (the reputed father) for one penny." Bastardy proceedings could have been instituted against the putative father to charge him with the support of his child, and no doubt would have been commenced had it not been for the attitude of the deceased, the grandfather of the child. That he kept his obligation to support the child faithfully, using all his earnings for the support of his family including such child, and that

she was wholly dependent on him for support at all time from her birth to his death, is undisputed. Under such facts and circumstances, we hold that appellant Glenn Carter was a total dependent of her grandfather, the deceased employee, at the time of his death, within the meaning of the Workmen's Compensation Act, and that the award as to her was contrary to law. The award is affirmed as to appellant Frankie Carter, and reversed as to appellant Glenn Carter.

Dausman, J., absent.