CARNEGIE-ILLINOIS STEEL CORPORATION *v.* PAPUSCHAK.

[No. 17,201. Filed December 16, 1943.]

*Knapp, Cushing, Hershberger & Stevenson,* of Chicago, and *White, Wright & Boleman,* of Indianapolis, for appellant.

*William J. McAleer, Francis J. Dorsey,* and *William L. Travis,* all of Hammond, for appellee.

DRAPER, J.—The appellee's father, while employed by the appellant, contracted an occupational disease from which he became disabled on the 4th day of January, 1941 and which caused his death on February 14, 1943. He received certain compensation during his lifetime and after he died the appellee was awarded compensation to continue during her dependency, not to exceed three hundred weeks, against which award the amounts paid to the deceased during his lifetime were to be credited.

The undisputed facts show, and the board found, that at the time of her father's death, the appellee was thirty-one years of age, neither mentally nor physically incapacitated, living with and keeping house for her father for about two years prior to his death, and that she was totally dependent upon him for maintenance and support throughout that period, she having quit the employment she formerly had in order to attend to her father's wants. It further appears, and was found, that she was his sole and only dependent, and we assume that she was and is unmarried.

The only question presented is whether, under the circumstances detailed, the appellee was entitled to an award of death benefit compensation as a dependent of the deceased under § 40-2207, Burns' 1940 Replacement.

Where, as in this case, the facts are uncontroverted and such that but one inference can be drawn therefrom, the question of the dependency of the appellee is one of law for the court. *Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 46

N. E. (2d) 219. *King* v. *Illinois Steel Co.* (1931), 92 Ind. App. 456, 176 N. E. 161.

The statute above referred to provides, insofar as it is of interest here, that (1) a child under the age of eighteen years, and (2) a child over the age of eighteen years who is either physically or mentally incapacitated from earning his or her own support, shall be conclusively presumed to be wholly dependent for support upon the parent with whom he or she is living at the time of the disablement of such parent. It provides that the dependency of a child not physically or mentally incapacitated from earning shall terminate with the attainment of the age of eighteen years, and further provides that in *all other cases* questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the disablement. In *Srajn et al.* v. *Tighe Coal Company* (1925), 83 Ind. App. 537, 149 N. E. 187, cited and relied upon in *Carter et al.* v. *Templeton Coal Company* (1927), 86 Ind. App. 175, 156 N. E. 518, the same question arose under a similar statute, and it was held that the dependency of a child not mentally or physically incapacitated terminates as a matter of law when it attains the age of eighteen years. The appellee does not attempt to explain or distinguish these cases but relies upon the case of *Russell* v. *Johnson, supra,* as authority for her position that the question of her dependency may be determined as a fact regardless of her age and mental or physical incapacity. In that case our Supreme Court, in considering the question of dependency as it related to a woman and the children of a woman with whom the deceased had been living in adultery, held that the woman and her children were in fact dependants of the deceased and entitled to compensation as such. Neither the woman nor her children were of the class mentioned

in the "conclusive presumption" portion of the statute, which embraces the husband or wife, and children of a deceased employee, but on the contrary the question of their dependency was by the statute expressly left to be determined in accordance with the facts.

Under the statute there is no room for determination of the actuality of dependency in this case, for the door was closed upon that question by the Legislature when it said that the dependency of a child not physically or mentally incapacitated from earning, terminates with the attainment of the age of eighteen years. Thus a child neither physically nor mentally incapacitated ceases to be a dependent when it attains the age of eighteen years, and cannot become a dependent thereafter so long as it is not so incapacitated. A child past the age of eighteen years and not so incapacitated is not a dependent and cannot become a dependent so long as it is not so incapacitated.

The appellee not being a dependent of the deceased within the meaning of this law, the award is reversed and cause remanded with instructions to enter an award in favor of the appellant.

NOTE.—Reported in 51 N. E. (2d) 875.