In the Matter of the Claim of WILLIAM COX, Respondent, against CITY OF ROCHESTER, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— The City of Rochester, which is self insured, appeals from a decision and award

made by the Workmen's Compensation Board in favor of claimant. The issue involved is whether claimant was an employee of the City of Rochester at the time he sustained accidental injuries. The accident occurred on March 6, 1950, and at that time claimant was regularly employed as a teacher by the board of education of the City of Rochester. During his summer vacations he was employed as a lifeguard by the city at a public bathing beach. This inter-regnum employment as a lifeguard was not continuous and claimant was rehired each year on a per diem basis. Claimant was asked by a member of the corporation counsel's staff to attend as a witness in a negligence action against the city. He was not subpœnaed but received permission from the Superintendent of Schools to leave his teaching duties and attend the trial. In connection with his attendance as a witness he was asked by the corporation counsel's office to secure some measurements at a beach where he had been employed as a lifeguard, and while doing so, he slipped on ice and dislocated the elbow cap on his left arm. The board has found that he was employed by the City of Rochester at the time of his accident on the theory that what he was doing was a carryover from his original summertime employment and because the suit involved a drowning at the beach while he was performing his duties as a lifeguard during the preceding summer. We think this theory is too tenuous to be sustained. The casual service which claimant performed was purely voluntary and not in the nature of employment. The city had no power to direct the performance of such an errand or to compel him to attend as a witness except by subpœna. There must be something more substantial than that disclosed here to establish the relationship of master and servant, or employment, as contemplated by the Workmen's Compensation Law (*Ferro* v. *Sinsheimer Estate, Inc.*, 256 N. Y. 398; *Mandatto* v. *Hudson Shoring Co.*, 190 App. Div. 71). Award reversed, on the law, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post*, p. 913.]