DEARMOND, GUARDIAN, McDADE ET AL. *v.*
MYERS GRAVEL & SAND CORP.

[No. 20,558. Filed December 13, 1967. Rehearing denied
January 10, 1968. Transfer denied February 21, 1968.]

*Lawrence Booram,* of Anderson, for appellant.

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

CARSON, C. J.—The status of two minor unadopted children as "dependents" within the Workmen's Compensation Act is the crux of this review.

The Full Industrial Board of Indiana found the children, ". . . were not dependents within the meaning of the Indiana Workmen's Compensation Law," and entered judgment accordingly. In this court the error assigned is that the denial of award of the Industrial Board of Indiana is contrary to law. Specific allegations of error are:

"(1) The evidence is that Appellant's wards were the dependents of the deceased employee.

"(2) The Full Board did not find the essential facts on which to base a negative award.

"(3) The Full Board abused its discretion in denying Appellant's petition to introduce additional evidence with respect to statements made by the deceased employee near the time of his accidental death which were as to his state of mind and indicated a purpose and intent to continue to

support the children he had sought to adopt, notwithstanding the recent death of his wife; and also, with respect to certain documentary evidence offered by Appellant."

The facts, as shown by the record, may be summarized as follows:

Mamie Perry lived with the family of the decedent employee in 1958, and while living with decedent and his wife, gave birth to an illegitimate child in September, 1958. In December, 1958, Mamie Perry left the decedent's home. The decedent and his wife visited Mrs. Perry after she moved. In February, 1960, decedent and his wife took Mamie Perry's two sons into their home. On February 8, 1960, the decedent and his wife filed a petition for the adoption of the two sons of Mamie Perry. The two children were in the decedent's home until May, 1961. On May 5, 1961, decedent's wife asked Mamie Perry to take care of the children while she was in the hospital. Decedent's wife required intermittent hospital care from that date until her death on January 8, 1962. During the time decedent's wife was in the hospital, Mamie Perry "did not take them back" but, "would take them and keep them" while decedent's wife was in the hospital. While the children were with their natural mother during this period, the Andersons would bring the children food.

The decedent employee was killed in an accident arising out of and in the course of his employment on February 2, 1962. Mamie Perry testified that the decedent, at the time of his death, was supporting her two children.

L. C. May, a witness for the claimants, also testified that decedent on the day of his death, was supporting the two children. The only testimony that the children were not dependents of the decedent was that of Ross J. Utley, the office manager of the appellee, who brought in the payroll records of the corporation. These records show that in January, 1961, the decedent employee was claiming four exemptions for purposes of payroll withholdings. The records further show that the decedent changed the number of exemptions to two in May, 1961, and that after his wife's death, he changed his exemptions to one. On July 17, 1963, the petition for adoption was dismissed.

The single hearing member, in his findings, found that at the time of decedent's death, the children were living with

decedent. The findings of the Full Industrial Board are silent as to the whereabouts of the children. There is no direct statement in the record that the children were living with the decedent at the time of his death. Looking at the record in a light most favorable to the appellee, the inference from the record is that the children were not living with the decedent at the time of his death.

Under the Workmen's Compensation Act dependency must be found to exist at the time of the employee's death. *Fogle* v. *Pullman Standard Car Mfg. Co.* (1961), 133 Ind. App. 95, 173 N. E. 2d 668; *King* v. *Illinois Steel Corp.* (1931), 92 Ind. App. 456, 176 N. E. 161.

Appellant first contends that these children are presumptive total dependents within the scope of Burns' Ind. Stat. Anno. § 40-1403a., the pertinent parts of which read as follows:

"Total dependency.—The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in the preceding section:

"(c) An unmarried child under the age of eighteen [18] years upon the parent with whom he or she is living at the time of the death of such parent.

"(d) An unmarried child under eighteen [18] years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child."

While we agree with appellant that the Workmen's Compensation Act is remedial social legislation and should be given a broad interpretation, we cannot ignore the clear and unambiguous language of the act and hold that a child whose adoption is not yet final is a legally adopted child.

Next, appellant argues that the children are dependents in fact under Burns' Ind. Stat. Anno. § 40-1403b., which reads as follows:

"Total or partial dependents in fact shall include only those persons *related to the deceased employee by blood or by marriage,* except an unmarried child under the age of eighteen [18] years. Any such person who is actually totally or partially dependent upon the deceased employee is entitled to compensation as such dependent in fact. The right to compensation of any person totally or partially dependent in fact shall be terminated by the marriage of such dependent subsequent to the death of the employee and such dependency shall not be reinstated by divorce." (Emphasis Supplied) [Acts 1929, ch. 172, § 38b, as added by Acts 1947, ch. 162, § 9, p. 523.]

Under this section the claimant must prove the dependency. *Stoner* v. *Howard Sober, Inc.* (1958), 128 Ind. App. 371, 149 N. E. 2d 121.

In the case, *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844, at pages 153 and 154, this court said:

"Our act does not define dependency, and does not specifically indicate who are dependents, except as to persons included within the conclusive presumption of total-dependency features of the act. Courts as a rule, in determining questions of dependency and who are dependents, resort to description, to an outlining of the elements rather than to definition. Stated generally, a dependent is one who looks to another for support and maintenance; one who is in fact dependent; one who relies on another for the reasonable necessities of life.

. . .

"Among the elements that are *indicia* of a state of dependency are: *an obligation to support;* the fact that contributions have been made to that end; that the claimant in any case is shown to have relied on such contributions and their continuing; and the existence of some reasonable grounds as a basis for probability of their continuance or of a renewal thereof if interrupted. We would not be understood as indicating that all these elements must exist in each case in order that there may be a state of dependency. As a rule, to which there are exceptions, however, the fact that contributions have been made is an essential element of a state of dependency within the meaning of the act." (Emphasis Supplied)

There is testimony of two witnesses that the children were dependent on the decedent at the time of his death. The only evidence to the contrary are the payroll records of the appellee. We are of the opinion that this evidence is immaterial as to the dependency of the children. The exemptions a taxpayer claims for purposes of payroll with-holdings do not indicate the number of dependents he may claim when filing his tax return. Nor is there any contention that the legal requirements for dependency for tax purposes are the same as the requirements for dependency within the meaning of the Workmen's Compensation Act.

Disregarding this immaterial evidence, there is uncontra-dicted testimony of two witnesses that the two children were dependent on the decedent. In the case *King* v. *Illinois Steel Corp., supra,* we held that where the facts are uncontradicted the determination of dependency is a matter of law.

Appellant offered hearsay testimony at the hearing before the single member in regard to the decedent's intentions to-ward the children. Appellee objected to the admission of the testimony on the grounds it was hearsay. The appellant then filed a petition for leave to file additional evidence on review before the Full Industrial Board. The petition was denied. The testimony was clearly hearsay. The appellant urges its admission on the grounds that it is a declaration against interest. See generally, *Handbook on Indiana Evidence,* ch. VII, B. 3. pp. 143-146. We cannot agree with the appellant's contention. However, we are of the opinion that the testimony of Mamie Perry and L. C. May was admissible under that exception to the hearsay rule which allows the introduction of hearsay to show a particular mental state of the declarant, *Duling* v. *Johnson* (1869), 32 Ind. 155. It is true that the hearsay, as shown by the offer to prove, did deal with the decedent's future intentions toward the children but we are of the opinion that such testimony would be ad-missible to show a present sense of responsibility on the part

of the decedent toward the children after the death of his wife. This evidence would be within the guidelines for dependency under *In re Carroll, supra.*

The hearsay testimony of Mamie Perry concerning the Andersons' intention to adopt the children was properly excluded because the petition for the adoption was the best evidence of the Andersons' intention.

Finally, the appellant carried two insurance policies, one on the life of each child, naming the decedent's wife as beneficiary. The beneficiary was changed March 20, 1962, from Princella Anderson to Mamie Perry. The appellant urges that the policies should have been introduced to show:

(1) that the children had taken the surname of the decedent, and
(2) that the decedent and his wife had an insurable interest in the lives of the children.

Neither of these reasons have any bearing under the factual situation presented and were therefore properly held inadmissible.

However, the error in refusing that testimony which we have held admissible is not in itself reversible since it is merely cumulative of other uncontradicted testimony. *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915.

Finally, the appellant contends that that portion of the finding of the Full Industrial Board which stated the children, "were not dependents within the meaning of the Indiana Workmen's Compensation Law," is a conclusion of law and, therefore, erroneous since the board did not make a finding of facts. In support of this contention, the appellant cites the case of *Stoner* v. *Howard Sober, Inc.* (1954), 124 Ind. App. 581, 118 N. E. 2d 504.

We agree with the appellant in his contention. For an historical evaluation of the position of the Appellate Courts of this state, with respect to findings of fact by the Industrial

Board, we recommend examination of Small, *Workmen's Compensation Law of Indiana,* § 12.7, pp. 392-397, and the corresponding sections in the 1958 Supplement.

Some very important language defining the duty of an agency in discharging its responsibility in cases of the type before us, is found in the case of *Saginaw Broadcasting Co.* v. *Federal Communications Commission* (1938), 96 Fed. 2d 554 at page 559. The court pointed out that the process which an agency follows in reaching a decision:

". . . necessarily includes at least four parts: (1) evidence must be taken and weighed, both as to its accuracy and credibility; (2) from attentive consideration of this evidence a determination of facts of a basic or underlying nature must be reached; (3) from these basic facts the ultimate facts, usually in the language of the statute, are to be inferred, or not, as the case may be; (4) from this finding the decision will follow by the application of the statutory criterion."

The distinction which the court so clearly made between "basic facts" and "ultimate facts" is the key to the matter, for as the court further put it:

"The requirement that courts, and commissions acting in a quasi-judicial capacity, shall make findings of fact, is a means provided by Congress for guaranteeing that cases shall be decided according to the evidence and the law, rather than arbitrarily or from extralegal considerations; and findings of fact serve the additional purpose, where provisions for review are made, of apprising the parties and the reviewing tribunal of the factual basis of the action of the court or commission, so that the parties and the reviewing tribunal may determine whether the case had been decided upon the evidence and the law or, on the contrary, upon arbitrary or extralegal considerations. When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact, the reviewing tribunal can determine neither of these things."

Our Supreme Court, in the case of *Cole* v. *Sheehan Constr. Co.* (1944), 222 Ind. 274, 53 N. E. 2d 159, in criticizing the Appellate Court for invading the province and the responsibility of the Industrial Board said at page 281:

"The statute does not contemplate that the functions of the Industrial Board may be assumed by the courts. The better practice would appear to be to remand the proceeding to the board with directions for it to discharge its statutory duty by finding the essential facts, and by entering an award based thereon. When that has been done any party feeling aggrieved may have a judicial review according to the established practice."

This case is therefore remanded to the Industrial Board with directions to said board to determine whether or not the children were full or partial dependents in fact and to make a finding or findings thereon and enter an award based upon such findings, not inconsistent with this opinion.

Cause remanded.

Cooper, and Faulconer, JJ., concur.

Prime, J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 864.