(No. 18784.—

O. T. PETERSON, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SUSIE BAGBY, Defendant in Error.)

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

VARNUM A. PARISH, and WARREN FAY JOHNSON, for plaintiff in error.

MILLER & STREETER, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This writ of error is prosecuted by leave of this court to review a judgment of the circuit court of Kankakee county confirming a minimum dependency award made

against plaintiff in error, O. T. Peterson, and in favor of Susie Bagby as dependent mother of Willard N. Bagby, who on March 9, 1921, while in the employ of plaintiff in error, received injuries resulting in his death. An award was made by the Industrial Commission for partial dependency in favor of the father and mother of the deceased, which was later confirmed by the circuit court of Kankakee county. On writ of error this court reversed the judgment and remanded the cause to the Industrial Commission because there was not sufficient competent evidence in the record upon which to base a finding of partial dependency within the meaning of the act. (*Peterson* v. *Industrial Com.* 315 Ill. 199.) The cause thereafter came before the Industrial Commission for further proceedings on behalf of Susie Bagby, the mother of the deceased employee, the father having died during the pendency of the claim. Further evidence was introduced in support of the claim, and the Industrial Commission granted the minimum award for dependency to the claimant, and this award was confirmed by the circuit court of Kankakee county.

At the time of the son's death he and his parents were living upon 152 acres of land near Momence belonging to the father, for which he had paid $14,500 and upon which there was a mortgage securing notes for the sum of $12,000, with interest at the rate of six per cent. The father also had rented 200 acres of land adjoining his farm. The evidence tends to show that a large portion of the farm was unproductive; that the employee had been working for plaintiff in error but a short time; that prior to that time he worked on the farm and did all work thereon except some little work done by the father, who was crippled by rheumatism; that he received no wages for his work; that after he went to work for plaintiff in error he gave all his wages to his mother, who used them for the family expenses; that neither parent had any income of any kind other than what came from the farm and from the son's wages. While the

evidence does not show in dollars and cents the amount of income or expenditures of the family, it does appear that whatever money was received and not used for actual living expenses of the family was used to pay interest on the encumbrance of the farm and that the son's wages materially contributed to the support of his parents. The word "dependency" implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. (*Wasson Coal Co.* v. *Industrial Com.* 312 Ill. 241.) Partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee. It is not necessary to show that the claimant would have been without the necessities of life or that he was without other means of support. The test is whether the contributions were relied upon by the applicant for his means of living judging by his position in life and whether he was to a substantial degree supported by the employee at the time of the latter's death. (*Bauer & Black* v. *Industrial Com.* 322 Ill. 165.) While the evidence in this case is not sufficient to show any percentage of dependency, it does show that deceased by labor and money aided materially in the support of his parents, that such aid was relied upon by them, and that he in a substantial degree was contributing to their support at the time of his death. As the award was for the minimum amount allowable in cases of this character, it is not necessary to determine the percentage of dependency.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*