(No. 20612.—

THE CHICAGO, WILMINGTON AND FRANKLIN COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AUGUST HANNEBIQUE *et al.* Plaintiffs in Error.)

*Opinion filed June 18, 1931—Rehearing denied October 7, 1931.*

D. R. KENSHALO, and STONE & FOWLER, for plaintiffs in error.

WALTER W. WILLIAMS, THURLOW G. LEWIS, and CARTER HARRISON, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, parents of Raymond Hannebique, deceased, were awarded compensation for partial dependency by reason of the death of Raymond due to an accident arising out of and in the course of his employment with defendant in error, the Chicago, Wilmington and Franklin Coal Company. The circuit court of Franklin county set aside the award and quashed the record of the Industrial Commission. The cause is here on writ of error granted on petition.

On the hearing of the cause before the arbitrator it was stipulated that the deceased and defendant in error were, on the date of the injury to the former, operating under and subject to the provisions of the Workmen's Compensation act; that the relationship of employer and employee existed; that deceased received accidental injuries arising out of and in the course of his employment, resulting in his death; that demand for compensation was made within the time required by law; that the annual earnings of deceased were $1589.73, the weekly earnings being $32.35; that de-

ceased left no children under sixteen years of age; that there was no claim for medical services; that nothing had been paid on account of the injury, and that the only question in dispute was one of dependency.

On this issue, proof before the arbitrator showed that plaintiffs in error own their own home, which is unencumbered; that they had no money or other property; that deceased had been working for defendant in error for two years, and that he was twenty-two years old, unmarried, and lived with plaintiffs in error and a younger brother, Gaston, twenty-one years of age. It also showed that he received his wages each two weeks and gave them all to his mother, as did the father and younger brother; that the combined fund was used for living expenses of the family, food and clothing, and repairs to the home, and that the mother returned to the wage-earners of the family small sums as they were requested, for personal expenses. The evidence showed that the earnings of each were about the same, but that due to ill-health of the father the greater part of the work in which he was engaged was done by the son, working with him as his "buddy;" that during the year previous to the death of Raymond the father and Gaston each collected about $1475, and that no account was kept of the family expense. The mother testified that in her opinion they amounted to about $2500 per year.

The arbitrator entered the minimum award for partial dependency, as provided by the statute, to be paid at the rate of $14 per week for 117-6/7 weeks. On review by the Industrial Commission no further evidence was offered and the award was confirmed. The only question raised on this record is that of partial dependency of plaintiffs in error.

Dependency, and extent thereof, are questions of fact for the Industrial Commission, and courts will not interfere with its finding unless convinced that it is against the manifest weight of the evidence. (*Chicago, Wilmington*

*and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540; *Otis Elevator Co.* v. *Industrial Com.* 302 id. 90; *Keller* v. *Industrial Com.* id. 610.) The test to be applied in determining the existence of dependency is whether the contributions of the deceased were relied upon by his dependents for their means of living as determined by their station in life, or whether the dependents were to a substantial degree supported by the employee at the time of the latter's death. (*Pratt Co.* v. *Industrial Com.* 293 Ill. 367.) The evidence is uncontradicted that plaintiffs in error and their two sons lived as one family; that the father's earnings were not sufficient to support the family; that he and the two sons pooled their earnings, and that all expenses of the family, including spending money for each member, were drawn from that fund, and that the family did not save anything from those earnings. Defendant in error argues that the earnings of the father were sufficient to support himself and wife, and that as the two sons were adults there is no basis for finding that plaintiffs in error were partially dependent on deceased. The evidence is that the father was ill much of the time, and that it was only by reason of the fact that one of the sons working with him did most of the work required of both that the father was able to collect the wages paid to him. No evidence was offered in contradiction. The Industrial Commission found partial dependency. On the record before us and under the tests laid down by the Compensation act, plaintiffs in error were partial dependents within the meaning of that act.

The judgment of the circuit court is therefore reversed and the award of the Industrial Commission is confirmed.

*Judgment reversed and award confirmed.*