(No. 24778.—

FERMINA VASQUEZ UDA DE CARRION, Defendant in Error, vs. THE INDUSTRIAL COMMISSION et al.—(THE UNITED STATES ICE COMPANY, Plaintiff in Error.)

*Opinion filed February 15, 1939.*

WINSTON, STRAWN & SHAW, (DOUGLAS C. MOIR, and G. B. CHRISTENSEN, of counsel,) for plaintiff in error.

HUBBARD, BAKER & RICE, for defendant in error.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This cause is here on writ of error granted to review the action of the circuit court of Cook county setting aside the finding of the Industrial Commission that the petitioner did not discharge the burden of proving dependency upon the deceased. This finding of the commission was in confirmation of a previous finding of the arbitrator. The circuit court found that the petitioner was totally dependent upon the deceased for her support and remanded the cause to the Industrial Commission, with directions to determine and ascertain the amount of compensation to which the petitioner is entitled and enter an award providing for the payment of such compensation.

The deceased, Frank Carrion, at the time of the accident which caused his death, was employed as an iceman by the plaintiff in error and received as wages $30 per week. He came to this country from Mexico some time between 1923 and 1930, the exact time being in dispute. In 1927 or 1928, he married Esther Ruiz, in Mexico, but never brought her to the United States. She died in 1931, in Mexico. Subsequently, Carrion brought a Mexican woman, Cruz Ayala, to the United States, using the birth and marriage certificate of the lawful wife. He lived with and supported this woman until his death, but had no children. His mother, the petitioner here, remained in Mexico, coming to this country after her son's death. The only question in dispute is one of dependency.

Petitioner, deceased's mother, attempted to prove that the deceased sent regular financial assistance to her while she lived in Mexico. At the hearing before the arbitrator, Porfirio Vasquez, uncle of the deceased, testified that Carrion sent $15 each month, in cash or by money order, to the petitioner, the last remittance being in April, 1936. The money orders were allegedly sent from the Roosevelt street post-office substation, in Chicago. Upon cross-examination, several discrepancies appeared in his testimony with respect to how and when the money was sent. The value of Vasquez's testimony was largely destroyed by the introduction of a letter showing that he had spent a major portion of the period, about which he testified, in the house of correction. Fermina Vasquez Uda de Carrion, the petitioner, was questioned and stated that her son sent her $30 every month by cashier's check and money order. She did not recall receiving any money after February, 1936. Tony Catalano testified that he and the deceased operated a tavern for a short time and that on different occasions he saw deceased take money from a victrola machine and place it in a stamped envelope with the name "Carrion" written thereon.

The plaintiff in error called Harry Winberg, an employee of the United States Post-Office Department who asserted that he had examined the records of the money-order division of the Roosevelt street substation of the postal department, and had been unable to locate any record of a money order being sent by deceased or made payable to petitioner during the months that Porfirio Vasquez had testified money orders were sent. Plaintiff in error also introduced the testimony of two co-workers of the deceased who stated that they had never seen the deceased send a money order to his mother except on one occasion—Christmas in 1933 or 1934.

Upon the hearing before the commission, the deposition of Cruz Ayala, the woman who had lived with deceased in the United States, was introduced in evidence. In it she

stated that she sent $10 in currency every two weeks to the petitioner from 1927 until March, 1936, at the direction of the deceased. However, she could not recall to what address she had dispatched such currency. The petitioner, in her testimony, made no mention of such payment.

Under the Workmen's Compensation act, dependency is a question of fact, and the party attempting to recover compensation must prove dependence upon the deceased employee by competent evidence. (*Gair. Co.* v. *Industrial Com.* 340 Ill. 99; *L. M. & O. Motor Co.* v. *Industrial Com.* 335 id. 254; *Bauer & Black* v. *Industrial Com.* 322 id. 165.) The determination of questions of fact is a primary function of the Industrial Commission. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 345. Ill. 78; *Imperial Brass Manf. Co.* v. *Industrial Com.* 306 id. 11.) The arbitrator and the commission had an opportunity to hear and see the witnesses and to judge their credibility. The courts will not interfere with a finding of fact made by the Industrial Commission which is not clearly and manifestly against the weight of the evidence. (*Swift & Co.* v. *Industrial Com.* 350 Ill. 413; *Cuneo Press, Inc.* v. *Industrial Com.* 361 id. 172; *Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com. supra.*) The arbitrator and the commission found that the petitioner had failed to sustain the burden of proving dependency upon the deceased. Under the rules announced, the circuit court was not justified in interfering with that finding, which, in this case, is not contrary to the manifest weight of the evidence.

The judgment of the circuit court is, therefore, reversed, and the finding of the Industrial Commission is confirmed.

*Judgment reversed.*