William T. Middleton, Appellee, v. Commercial Invest-
ment Corporation, Appellant.

Gen. No. 9,353.

Opinion filed
April 20, 1939.   Rehearing denied October 3, 1939.

ROBERT W. BESSE, of Sterling, for appellant.

SHELDON & BROWN, of Sterling, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

William T. Middleton started suit to recover damages against the Commercial Investment Corporation for the value of three automobiles, which he claimed had been converted to its own use by the Commercial Investment Corporation.   The plaintiff alleges that the defendant took three automobiles belonging to the plaintiff from the Wendel Motor Sales, and converted them to its own use.   The plaintiff filed a bill of particulars in which he claims that Glenn Wendel, doing business as Wendel Motor Sales, was the third party who had possession of the cars; that on November 21, 1936, Wendel delivered to the plaintiff, a bill of sale and certificates of title for the three cars in question. The plaintiff alleged that he suffered loss in the sum of $835, but later amended his complaint and charged his loss to be $1,470.   The defendant filed its answer, in which it denied that the plaintiff owned the cars in question and denied any conversion of the same.   The answer admits that it took the three cars in question from the Wendel garage.   The defendant denied that the plaintiff was entitled to the relief prayed for.   The defendant affirmatively stated that it was the owner of the three automobiles in question by virtue of a motor vehicle bill of sale, and trust receipt dated October 16, 1936, and another on October 16, 1936, and the other November 18, 1936, respectively.   The defendant ad-

mitted that the plaintiff made a demand on it to deliver to him the three automobiles and that said demand was refused.

The case was tried before the court without a jury, which found the issues for the plaintiff and assessed the damages at $848.31. Judgment was entered upon this finding and the cost was assessed against the defendant and from this judgment the appellant has prosecuted this appeal.

The evidence shows that Glenn Wendel was doing business as the Wendel Motor Sales and had been in business buying and selling new and secondhand automobiles in the city of Sterling for about four years, and maintained a place of business in Sterling, Illinois; that in the fall of 1936, he took in trade three automobiles namely: a Studebaker President Sedan, a Studebaker Commander Sedan, and an Oldsmobile six-cylinder coupé; that in the fall of 1936, Wendel received certificates of title issued by the secretary of State to the three cars in question; that the cars were kept in Wendel's salesroom at his place of business in Sterling, Illinois.

The record further shows that on October 28, 1936, Wendel executed the bill of sale and trust receipt for one of the cars and on October 16, a bill of sale and trust receipt for a second car. On November 18, 1936, he executed a like bill of sale and trust receipt for the third car, and that these bills of sale and trust receipts were issued to the Commercial Investment Corporation, and at the same time the Motor Sales by Wendel, issued its negotiable promissory note to the Commercial Investment Corporation. The cars continued to remain in Wendel's storeroom in Sterling. The certificates of title were not delivered to the Commercial Corporation.

On November 21, 1936, while the cars were in the Wendel's Motor Sales possession, Wendel executed

three bills of sale to the cars, conveying them to the plaintiff, Middleton, and at the same time delivered the three certificates of title to Middleton assigned in blank. Just prior to this, Middleton had signed a note at the Central National Bank of Sterling, as security for Wendel's note for $835. The cars still remained in the possession of Wendel. On February 8, 1937, the Commercial Investment Corporation took possession of the three cars and removed them from Wendel's garage. This suit was started in September 3, 1937.

There is very little dispute in regard to the facts in the case, with the exception of the value of the cars in question. That the Commercial Investment Corporation loaned money on each of these cars, and took a bill of sale and trust receipt for the same, is uncontradicted. It is not disputed that Middleton signed the note for $835 with Wendel at the bank, and took a bill of sale for the same three cars, or that at the time Middleton took the bill of sale, he had no knowledge that Wendel had given a bill of sale and trust receipt to the defendant investment corporation. The defendant set forth in its answer, and now claims that they are entitled to the possession of these cars, because they had a trust receipt properly signed by the Wendel Motor Sales, and that they had filed with the secretary of State the trust receipt and notice, and paid a proper fee for the same, therefore under the law, they were entitled to the possession of the cars at the time they took them from Wendel.

The part of the statutory provision relative to trust receipts is found under the title sales in Smith-Hurd's Annotated Statute, ch. 121½ [Ill. Rev. Stat. 1937, ch. 121½, § 167; Jones Ill. Stats. Ann. 135.17 (2)] and provides: "(c) the entruster gives new value in reliance upon the transfer by the trustee to such entruster of a security interest in goods or documents in possession of the trustee and the possession of which is re-

tained by the trustee; provided that the delivery under paragraph (a) or the giving of new value under paragraphs (b) or (c) either (I) Be against the signing and delivery by the trustee of a writing designating the goods, documents or instruments concerned, and reciting that a security interest therein remains or will remain, or has passed to or will pass to, the entruster, or (II) . . . The security interest of the entruster may be derived from the trustee or from any other person, and by pledge or by transfer of title or otherwise. . . . (2) A writing such as is described in subsection one, paragraph (I), of this section signed by the trustee, and given in or pursuant to such a transaction, is designated in this Act as a 'trust receipt.' No further formality of execution or authentication shall be necessary to the validity of a trust receipt. (3) A transaction shall not be deemed a trust receipt transaction unless the possession of the trustee thereunder is for a purpose substantially equivalent to any one of the following: (a) In the case of goods, documents or instruments, for the purpose of selling or exchanging them, or of procuring their sale or exchange. . . ."

The appellees contend that the Sales Act, that part of which provides for this trust agreement, is, "Void and Unconstitutional because it is conflicting in its provisions, unintelligible and the title does not express the full scope of the act." This court cannot pass on the constitutionality of a legislative act. If that question were properly brought before this court, the case would have to be transferred to the Supreme Court. It is a well settled rule of law that any assignment of error which is not argued, is waived by the party who raised it. A mere statement that an act is unconstitutional because it is conflicting in its provisions, it is unintelligible, and the title does not state the full scope of the act, is not an argument of the question.

The appellee contends that even though the statute is a valid one, the defendants have not shown that they have complied with the statute so as to receive the benefit of it. Defendant's Exhibit H is as follows: "Statement of Trust Receipt Financing. The entruster, Commercial Investment Corporation, whose chief place of business within this State is at Jacksonville and Quincy, Illinois, (or who has no place of business within this State and whose chief place of business outside this State is at Davenport, Iowa), is or expects to be engaged in financing under trust receipt transactions the acquisition by the trustee, Wendel Motor Sales, whose chief place of business within this State is at Sterling, Illinois, of goods of the following description: any motor vehicle, trailer, semi-trailer, truck, tractor, semi-trailer unit, bus and house-trailer.

Commercial Investment Corporation.

(Signed) By ............ Entruster

(Signed) Glenn Wendel Trustee."

Exhibit I is a letter from the Commercial Investment Corporation to the secretary of State listing the people with which the company transacted business. The Wendel Motor Sales of Sterling, Illinois, is named as one. Included was a check for $10 as filing fee, that is $1 each for the companies listed in the letter.

Mr. Schonlau, the credit manager for the Commercial Investment Corporation, without objection, testified that the trust receipt and notice was sent to the secretary of State of Illinois, prior to October, 1936. Complaint is made that the statement of the trust does not bear a file mark. Subsection 4 of section 178 of the Sales Acts [Ill. Rev. Stat. 1937, ch. 121½; Jones Ill. Stats. Ann. 135.17 (13)] provides as follows: "Presentation for filing of the statement described in subsection one, and payment of the filing fee, shall constitute filing under this Act in favor of the entruster, as to any documents or goods falling within the description

in the statement which are within one year from the date of such filing, or have been within thirty days previous to such filing, the subject-matter of the trust receipt transaction between the entruster and the trustee.'' It seems to us it is immaterial whether this statement of the trust, bears the file mark of the secretary of State. It was on file in the secretary of State's office, which was notice to the public generally that the Commercial Investment Corporation was doing business with the Wendel Motor Sales. The record in this case discloses that the Commercial Investment Corporation subsequently complied in all respects with the statutory provisions in regard to such transaction, long prior to the time that the plaintiff started his suit.

,It is our opinion that the defendant is entitled to the possession of the cars, and is not guilty of converting them to its own use. The judgment of the circuit court of Whiteside county is hereby reversed and cause remanded.

*Reversed and cause remanded.*