## STAPLETON v INDUST. COMM.

Common Pleas Court, Hamilton Co.

No. A-68225.   Decided March 15, 1940.

B. William Heidkamp and Arthur F. Schott, Cincinnati, for plaintiff.

Edward A. Schott, Cincinnati, asst. to attorney general, for defendant.

### OPINION

By MACK, J.

Francis E. Stapleton, an employee of the Nash Company, died July 11, 1938, as the result of an injury received in the course of and arising out of such employment. He left surviving him his daughter, plaintiff herein. Her application for compensation as a dependant of deceased was denied by the Industrial Commission for the reason that the proof did not establish dependency. Upon this, her appeal, a jury was waived and the case has been submitted to the court upon the transcript, which covers only six pages of evidence. The sole question for determination herein is whether the claimant was a partial dependent of her deceased father.

The undisputed facts are:

Deceased at the time of the injury in 1933, which resulted in his death in 1938, lived with claimant and his wife. At the time of the injury claimant was twenty-nine years old, unmarried, and mentally and physically competent. Deceased supported the home, paying the rent therefor, buying the food, and paying the gas and light bills. Claimant at the time of the injury, as well as the subsequent death of her father, was employed at the University of Cincinnati, earning $1,350 a year, less a temporary cut in salary, but receiving over $1,000 a year. Claimant contributed nothing to the expense of the home, buying her own clothing, and saving money. Deceased was earning approximately $1,800 a year. Claimant had about $1,000 in bank, which she had saved.

Courts have uniformly and expressly refused to give a universal general definition to the term "dependents" as used in workmen's compensation laws, but they declare that each case depends upon the facts and circumstances concurring in the particular instance. Such courts have, however, pointed out certain facts which influence the determination of whether the claimant is or is not a dependent of the deceased employee. Lexicographers define "dependent" as follows:

Webster—"One who is sustained by another and who relies on another for support or favor."

Standard Dictionary—"One who looks to another for suport or favor."

Century Dictionary—"One who depends on or looks to another for support or favor."

71 Corpus Juris, upon the subject of dependency states the result of adjudicated cases as follows:

"Where one is sustained by the other, or relies on the aid of the other for his means of living;" that the contributions were "necessary for support;" that the test of dependency as laid down by the decided cases is "reliance by the dependent on the employee's contribution for means of living for himself."

Cases adjudicating the question of dependency are collected in 13 A. L. R., 686; 30 A. L. R. 1253; 35 A. L. R., 1066; 39 A. L. R. 313; 53 A. L. R., 218; 62 A. L. R., 160; 86 A. L. R. 865.

Without referring at length to adjudicated cases, it seems to the court that the principle of dependency is well stated in the following cases:

Texas Employees Insurance Association v Arnold, 127 Tex. 245:

"A dependent is one who at least depends upon the deceased employee for support and the reasonable necessities of life."

Coal Co. v Industrial Commission, 345 Ill. 78:

"The test is whether contributions of deceased were relied upon by alleged dependents for their means of living as determined by their station in life, or whether dependents were to a substantial degree supported by employee at the time of his death."

Peterson v Industrial Commission, 331 Ill. 254:

"Dependent implies present existing relation where one is sustained by another, or looks to, or relies on the other for reasonable necessaries consistent with dependent's position in life."

Turning to the **Constitution** and statutes of Ohio, we find that **Art. II, §35,** provides that:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, administered by the state, determining the terms and conditions upon which the payment shall be made therefrom."

In pursuance of such constitutional provision the legislature passed §1465-82 **GC,** which provides for benefits "if there are wholly dependent persons at the time of the death," and "if there are partly dependent persons at the time of death." There is no definition of who are dependent persons, but it is provided with relation to the child or children of deceased employee that such "child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) shall be presumed to be wholly dependent for support upon the deceased employee, the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

At the conclusion of said section it is stated:

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury, resulting in the death of such employee."

In our opinion this legislation evinces the intention of the legislature that children under sixteen years of age, who presumably are not entitled to work, shall be regarded as wholly dependent upon the parent for support; that as to children over that age, and who are employed and therefore earning wages or salaries, the question of their partial dependency depends on whether such earnings are sufficient to maintain them without contribution from a parent. In the case of both total or partial dependency, it seems to us that it is the humane purpose of our laws that the death of the parent must de-

prive the child or children in whole or in part of the necessities of life as a condition upon which the Workmen's Compensation Fund may be resorted to.

As the word "dependent" is not a technical one, or has been expressly defined, it seems to us that the meaning to be attributed to it should be that which is generally understood by the mass of the people.

It is our opinion that the views hereinbefore expressed are consistent with the meaning attributed to such term by the people generally.

In accordance with all of the foregoing we believe to be the decision in **Industrial Commission v Likens, 23 Oh Ap 167**, (motion to certify overruled). There it was held that if what the parent did for the child was not because he recognized any moral obligation to contribute to the support of the child, but such contribution was intended merely as a gift to be used not necessarily for support, and that by the stopping of such contribution by the death of the employee, the actual means of living of the child in the rank and station in which it was living was not affected, then such child is not a dependent of the deceased employee.

Applying the rationale of that decision to instant case, it is our opinion that the mere fact that Stapleton did not require his daughter to pay board, but in parental affection preferred that she save her earnings not used to purchase her clothing, entertainment, etc., did not make claimant a dependent, but on the contrary, that the board of claimant furnished by Stapleton was a mere gift.

A common illustration of "gifts" to, rather than "support" for a child, is in those cases where a parent as constant tokens of affection buys for an unmarried child earning a large and self-supporting salary, or a married child, amply supported by a husband, numerous articles of clothing and other necessities. No one claims that by such contributions such child can be classed as a dependent.

It follows from all of the foregoing that there will be a finding upon the issues joined that plaintiff is not entitled to share in the Workmen's Compensation Fund as a dependent of her deceased father, and that judgment will be entered accordingly.