(No. 26289.—

THE CRANE COMPANY, Plaintiff in Error, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(ALICE CRONKHITE, Defendant in Error.)

*Opinion filed November 18, 1941.*

ASHCRAFT & ASHCRAFT, (RUSSELL F. LOCKE, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, WILLIAM J. BOWE, and C. H. BECKWITH, (JOHN D. CASEY, of counsel,) for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

A compensation award was made in favor of Alice Cronkhite, sister of John Cronkhite, who was killed during the course of his employment with the Crane Company, plaintiff in error, by reason of an accidental injury suffered in the course of his employment. The award is claimed under paragraph d of section 7 of the Workmen's Compensation act (Ill. Rev. Stat. 1939, chap. 48, par. 144) which provides in part: "If no amount is payable under paragraphs (a), (b) or (c) of this section and the employee leaves any grandparent, grandchild or grandchildren or collateral heirs dependent at the time of the injury to the employee upon his earnings to the extent of fifty per centum or more of total dependency, then [the compensation payable shall be] such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to a total dependency, but  *  *  * not more in any event than three thousand seven hundred fifty dollars." The commission found the sister was dependent to the extent of seventy per cent upon contributions of the deceased, and compensation was allowed by the arbitrator and sustained and affirmed by the commission, and upon writ of error to the superior court of Cook county the award of the Industrial Commission was approved and confirmed, and a writ of error to this court to review said judgment has been allowed.

The only points raised by plaintiff in error are: (1) That the proof that the deceased contributed in a substantial manner to the support of respondent Alice Cronkhite, is improbable and not worthy of belief; (2) that before respondent Alice Cronkhite can be entitled to compensation she must have been necessarily dependent upon her deceased brother for support.

Upon the first proposition the evidence is undisputed that at the time the mother of Alice Cronkhite was dying she exacted a promise from her son, the deceased John Cronkhite, that he would take care of Alice, and that he promised to do so, and did give her money to buy necessities. The evidence shows that the deceased during the year preceding his death gave Alice Cronkhite $5 per week, which she turned over to her father for board, and it also shows that he gave her from $1 to $3 at a time, sometimes amounting to $5 per week, in addition to the board money, to buy clothes and other necessities.

It is contended by plaintiff in error that this situation is so unusual and unreasonable as to be unworthy of belief. The sister, at the time of her brother's death, was about fifteen years of age. Her father, when he had employment, could earn as much as $270 per month. He did not always have employment, and at the time of the death of the mother he had been out of work and had accumulated debts to the extent of about $800. Other members of the family resided at the home of the father and contributed board money to him while they had employment, the only one not paying being an older sister, who took care of the house.

We are asked by plaintiff in error to conclude from the above proof, as well as from the fact that it appears that the sister was somewhat extravagant in the purchase of clothes, and from the assertion it is unusual for a young man of about thirty years of age to contribute so liberally to his sister's support, that the testimony is so improbable

that it must be rejected as perjury. The province of determining the weight of testimony in compensation cases, and of making findings of fact has been conferred by statute upon the Industrial Commission, and we have frequently held that we are not at liberty to disregard such findings, unless against the manifest weight of the evidence. (*Rodriguez* v. *Industrial Com.* 371 Ill. 590; *Rosenfield* v. *Industrial Com.* 374 id. 176; *De Bartolo* v. *Industrial Com.* 375 id. 103.) We have also held that the question of dependency under the Workmen's Compensation act is a question of fact. *Carrion* v. *Industrial Com.* 370 Ill. 474; *Novak* v. *Industrial Com.* 339 id. 292.

In the record before us there is no testimony produced by plaintiff in error in opposition to that of the person claiming compensation upon the question of dependency. No case has been called to our attention where we can wholly disregard testimony merely because it presents an unusual or possibly an unlikely situation. The province of weighing testimony under the law has been committed to the Industrial Commission. It saw and also heard the witnesses; they were exhaustively cross-examined, and the testimony was determined by the commission to be credible. Nor can we say, aside from the rule which requires us to follow the findings of the commission, except where against the manifest weight of the evidence, that the situation is so extraordinary and unusual as to be unworthy of belief.

Family ties may have been such that the son felt obligated to follow the wishes of his dying mother, and it may also be that he had such a feeling of affection for his younger sister that he felt inclined to do what the evidence shows he did do. Merely because members of one family may do things that are not ordinarily done in other families is not a reason, in itself, to say that such facts do not exist. We find nothing from which we can say that the finding of the Industrial Commission in this respect is contrary to the manifest weight of the testimony.

Upon the second proposition it has been held that compensation does not depend upon whether the dependent person can demand such contributions for support as a matter of law. In *Peterson* v. *Industrial Com.* 331 Ill. 254, it was said: "The word 'dependency' implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. (*Wasson Coal Co.* v. *Industrial Com.* 312 Ill. 241.) Partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee. It is not necessary to show that the claimant would have been without the necessities of life or that he was without other means of support." In that case a married woman, who had the legal right to support from her husband, was awarded compensation for the death of her son on the ground of partial dependency. To the same effect, in principle, are the cases of *Novak* v. *Industrial Com.* *supra, Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 345 Ill. 78, and *Marshall* v. *Industrial Com.* 342 id. 400. We cannot see any distinction between the case of a mother who has a husband living and under obligation to support her, being entitled to compensation for the death of a son, who by contributions from his wages had contributed to her support, and the case of a minor girl, who is entitled to support from her father, but who received substantial contributions from the earnings of an older brother. There is no difference in principle.

It is our conclusion that the order of the superior court of Cook county in sustaining the award of the Industrial Commission of Illinois was correct, and its order is therefore affirmed.

*Order affirmed.*