United States Ice Company, Appellee, v. Courts Building Corporation, Appellant.

Gen. No. 42,131.

Heard in the first division of this court for the first district at the February term, 1942. Opinion filed October 26, 1942.

ECKERT & PETERSON, of Chicago, for appellant; A. R. PETERSON, WALTER W. ROSS, JR. and WILLIAM E. COLLINS, all of Chicago, of counsel.

WINSTON, STRAWN & SHAW, of Chicago, for appellee; GEORGE B. CHRISTENSEN and DOUGLAS C. MOIR, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit under section 29 of the Workmen's Compensation Act (ch. 48, par. 166, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 143.44]) alleging that both it and defendant were operating under the act and that an employee of plaintiff, namely Frank Carrion, came to his death through the negligence of the defendant.

The purpose of section 29 has been stated by Mr. Angerstein in his book on the Workmen's Compensation Act (page 957) as requiring "indemnification of an employer who has not been negligent out of the recovery against a third person whose negligence caused the injury."

The complaint alleged that the mother of Frank Carrion was awarded by the industrial commission $450; (see 370 Ill. 474) that plaintiff paid this and incurred other expenses. Upon trial the jury returned a verdict for plaintiff of $551.60, and from the judgment defendant appeals.

Defendant first says that it is necessary in an action brought under section 29 of the Workmen's Compensation Act, wherein the employee suffered fatal injuries, that the employer allege and prove pecuniary loss to

the next of kin of the deceased employee, and that the only right of recovery in Illinois of damages for wrongful death is under the Injuries Act (secs. 1, 2, ch. 70, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 38.01, 38.02]). To this plaintiff properly replies that it was alleged and admitted that the deceased, Frank Carrion, left him surviving his mother, and that it has been decided in many cases that a mother belongs to the class known as lineal kin and therefore presumed to have sustained actual damages. *Smiley v. East St. Louis & Suburban Ry. Co.,* 169 Ill. App. 29; *Huff v. Peoria & Eastern Ry. Co.,* 127 Ill. App. 242; *Lauer v. Elgin, J. & E. Ry. Co.,* 305 Ill. App. 200, and many other cases. Plaintiff in this suit under sec. 29 is entitled to ''recover the damages sustained,'' and the amount of the verdict was the amount of damages sustained by plaintiff.

It is next argued that Frank Carrion was guilty of contributory negligence as a matter of law. Carrion was a helper on an ice truck of plaintiff driven by Joseph Jakubroski; they went to the Burnham Building, owned by defendant, for the purpose of delivering ice; Carrion entered the rear of the building from an alley, going through a hallway which was dark; he was carrying bags of ice cubes; he approached an elevator shaft and Jakubroski testified that as he was following Carrion through the hallway he could see the elevator going up and the elevator doors wide open. No one saw Carrion step into the elevator shaft, but he was subsequently found at the bottom. Plaintiff argues persuasively that Carrion could reasonably believe that the watchman who operated the elevator would not leave the doors wide open and remove the elevator when he knew the icemen were going to enter.

The following interrogatory was submitted to the jury: ''Was Frank Carrion exercising all due care and caution for his own safety at and just before the time he fell into the elevator pit in question?'' This was answered in the affirmative. The question of

contributory negligence was properly submitted to the jury, and its conclusions in this respect cannot be said to be against the manifest weight of the evidence.

For the reasons indicated the judgment is affirmed.

*Affirmed.*