(No. 3869— )

ARCH KENNEDY AND MABLE KENNEDY, ET AL., Claimants, vs.
STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

J. L. SULLIVAN AND DILLAVOU & JONES, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimants, Arch Kennedy and Mable Kennedy, are
the father and mother of Hubert M. Kennedy, deceased,
a former employee of the Department of Public Works
and Buildings of the State of Illinois. The claimant,
Arch Kennedy, is also administrator of the Estate of
Hubert M. Kennedy; and Kathryn Kennedy, Roy Ken-
nedy, Anita Fay Kennedy, Max Kennedy, and Ray Allen
Kennedy are brothers and sisters of the deceased, and
are all under sixteen years of age. On July 6, 1944,
while deceased was assisting his foreman in the removal
of a large limb of a tree overhanging U. S. Highway No.
36, the limb was dislodged from the fence upon which it
fell, and the large end of the limb struck the decedent
on the right side of the head, pinning him to the ground.
Dr. E. C. Conn of Chrisman, Illinois, was immediately
called to the scene of the accident, but Kennedy died
before the doctor's arrival. The claimants seek an
award under the provisions of the Workmen's Compen-
sation Act in the amount of $3,384.00.

At the time of the accident which resulted in the death of Hubert M. Kennedy, employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident was filed and claim for compensation made within the time provided by the Act. The accident arose out of and in the course of decedent's employment.

Decedent was first employed by the respondent on March 10, 1944, as a laborer at a wage of sixty cents per hour and continued at that wage rate and in that classification until the date of his death. Employees engaged in the same capacity as decedent worked an average of 227 days a year, and eight hours constituted a normal working day. Under Section 10(e) of the Workmen's Compensation Act, compensation must be computed on the basis of an annual wage of $1,089.60, making decedent's average weekly wage $20.95, and his compensation rate $10.47. The death having occurred as a result of an injury sustained after July 1, 1943, this rate must be increased 17½%, or $1.83, making a compensation rate of $12.30. The decedent was unmarried and was twenty-four years of age at the time of his death.

This claim is based upon the alleged dependency of the parents and minor brothers and sisters of the decedent. Arch Kennedy, the father, is employed as a section man on the New York Central Railroad, Cairo Division. A brother of the decedent, Gene Kennedy, seventeen years of age, is employed by the State of Illinois, Division of Highways. It is alleged that the father and the decedent contributed equally to the support of the mother and the brothers and sisters of the decedent under sixteen years of age.

Section 7(c) of the Workmen's Compensation Act provides as follows:

"If no amount is payable under paragraph (a) or (b) of this section, and the employee leaves any parent or parents, child or children, who at the time of the injury were partially dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1,000.00, and not more in any event than $3,750.00. * * *"

Dependency under the Workmen's Compensation Act is a question of fact. *Crane Co.* vs. *Industrial Commission*, 378 Ill. 190. The test of partial dependency is whether the contributions from the deceased were relied on by the claimants to aid and maintain them in their position in life and whether they were to a substantial degree depending upon the support of the deceased at the time of his death. *Ritzman* vs. *Industrial Commission*, 353 Ill. 34.

Hubert M. Kennedy, at the time of his death, was unmarried, and was living with his mother and father and minor brothers and sisters. Claimant, Arch Kennedy, his father, testified that the deceased helped to provide for the family by buying food and clothing and coal, and helped pay the rent for a period of eight years, and that while he worked for respondent, he contributed about half his salary to the support of the family. Arch Kennedy did not testify as to his own earnings.

The testimony of decedent's father was corroborated by various other witnesses: Clint Bridewell testified that the decedent bought groceries for the family at least two or three times a week, spending each time from $2.50 to $5.00; Reginald Van Dyke, manager of a grocery store, testified that Arch Kennedy, his son Hubert, and his son Gene, collectively purchased about $20.00 worth of groceries from him each Saturday night; Marshal Hill, a store keeper, testified that the decedent bought groceries from him for the Kennedy family once or twice each week. Mabel Kennedy, mother of the deceased,

testified that her son contributed to the support of the family; that he bought groceries, dresses, stockings, and play suits for the children, as well as coal; that he helped pay the rent and half of the feed for the hogs which the family raised; that prior to the death of Hubert, Gene contributed little to the support of the family. She stated that she did not know what her husband's earnings were, nor the earnings of her son, Gene.

From the evidence, it clearly appears that the decedent contributed to the support of his parents and his brothers and sisters under sixteen years of age. The claimants contend that they were partially dependent upon the earnings of the decedent to the extent of 50% of their support. This proportion, however, is not established by the evidence. Neither the amount actually spent or contributed by the deceased are shown, nor does it appear from the record what amounts were earned and contributed to the family support by the father and the brother, Gene. Three members of the claimants' family were contributing to its support, but the amount contributed by any one of them is not shown, and there is no evidence of the earnings of any of them except the earnings of the deceased. It is incumbent upon the claimants to establish the degree of partial dependency. They have shown that partial dependency did exist, but they have failed to establish a claim to more than the minimum award provided in the Act.

The court, therefore, finds that the parents of Hubert M. Kennedy were partially dependent upon him for support; that the minimum award should be made to the parents of Hubert M. Kennedy under Section 7(c) of the Workmen's Compensation Act; that no award can be made under Section 7(d) to their minor children.

Award is entered in favor of the claimants, Arch Kennedy and Mable Kennedy in the amount of $1,000.00, the minimum provided under Section 7(c) of the Workmen's Compensation Act, which amount must be increased 17½% under the provisions of paragraph (L) of Section 7, making an aggregate award of $1,175.00, to be paid to Arch Kennedy and Mable Kennedy, as follows:

$599.18 which has accrued and is payable forthwith.

The balance of $575.82 is payable in weekly installments of $12.30 each, beginning June 12, 1945, for a period of 46 weeks with an additional final payment of $10.02.

An award as to all other claimants is specifically denied.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor.