(No. 30288.)

GUDEMAN COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BESSIE SCHNEIDER, Plaintiff in Error.)

*Opinion filed January 22, 1948—Rehearing denied March 15, 1948.*

ARTHUR O. KANE, and ARTHUR S. GOMBERG, both of Chicago, for plaintiff in error.

VOGEL & BUNGE, (L. H. VOGEL, and FRANK H. MASTERS, JR., of counsel,) all of Chicago, for defendant in error.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is a writ of error to review the judgment and order of the superior court of Cook County, which reversed and set aside the action of the Industrial Commission allowing compensation to plaintiff in error, Bessie Schneider, as widow of John Schneider, deceased.

John Schneider had been afflicted with diabetes for about 20 years prior to October 3, 1944. In 1938 he received an injury to one of the toes on his left foot and soon thereafter his left leg was amputated above the knee and an artificial limb was substituted therefor. On October 3, 1944, and long prior thereto, he was employed by defendant in error in its assembly department. On said last-mentioned date while in the line of duty he bumped his toe on a heavy metal pan causing an injury thereto from which complications developed. Soon after the injury, the company nurse applied medication and bandaged the big toe and the one next to it. The same night he complained to his wife that his foot felt cold and did not seem to have proper circulation. The bandage remained on for a few weeks and then the company doctor removed it. His wife then noticed that there was a crack or cut on the bottom of his foot at the great toe. The foot was medicated by both Schneider and his wife from time to time. On November 4, 1944, when he came home from work his stocking was wet and there was pus oozing out of the cut underneath the toe. He continued medication until November 6, 1944, when a doctor was summoned and prescribed treatment. This doctor attended Schneider every day until November 11 when it seemed the cut was healing, and thereafter the doctor saw him every third day until November 22 when the condition became serious and a progressive gangrene was discerned. Schneider was then taken to the hospital and on November 24 his right leg was amputated above the knee. On December 21, 1944, he was taken home in a wheel chair. Beginning with January 5, 1945, he complained of a terrible headache. On January 7 he was again taken to the hospital and his death occurred on the 10th of that month from cerebral thrombosis.

The only fact in dispute is whether or not there was a causal connection between the injury and the death. There was a series of occurrences beginning with the injury on

October 3, 1944, which progressed to the time of Schneider's death. First there was the injury, then a break in the skin, then pus, then gangrene, followed by amputation and the return home in about three weeks. Two weeks later severe headaches began and death followed three days later.

Defendant in error contends no causal connection was shown between the injury and the death. Dr. Paul Bucy testified on behalf of defendant in error that in his opinion there was no connection between the alleged injury of October 3 and Schneider's death on January 10. Dr. Eric Oldberg testified for the plaintiff in error giving as his definite opinion that Schneider had a very serious difficulty which necessitated amputation of the leg, which was bad for his general condition and that there was a lessening of the physical resistance which is very much a contributing cause to thrombosis. This doctor gave as his opinion that there was a possible causal relationship between the injury and the patient's death from cerebral accidents. The law is that testimony as to mere possibilities is insufficient to sustain an award under the Workmen's Compensation Act. *Sears Roebuck & Co.* v. *Industrial Com.* 334 Ill. 246; *Standard Oil Co.* v. *Industrial Com.* 322 Ill. 524; *Lawrence Ice Cream Co.* v. *Industrial Com.* 298 Ill. 175.

The evidence, however, is not in conflict as to the sequence of occurrences from the time of the injury to the death. The Industrial Commission made its findings upon all the facts in the case. There was substantial evidence upon which the commission could base its opinion. Neither the superior court nor this court may substitute its judgment for that of the commission, unless the finding of the commission is manifestly against the weight of and has no substantial foundation in the evidence. *Olin Industries, Inc.* v. *Industrial Com.* 394 Ill. 593; *De Bartolo* v. *Industrial Com.* 375 Ill. 103; *de Carrion* v. *Industrial Com.* 370 Ill. 474; *Mt. Olive & Staunton Coal Co.* v. *Industrial Com.* 367 Ill. 574.

We cannot say that the finding in this case is manifestly against the weight of the evidence. The finding of the commission will therefore be sustained, the judgment of the superior court reversed, and the award of the Industrial Commission confirmed.

*Judgment reversed; award confirmed.*