LaVera Rust, Administratrix of the Estate of Gerald Glen James Rust, Deceased; Roberta Sutter, a minor, by Goldie Sutter, her mother and next friend; and Goldie Sutter, Plaintiffs, v. Darrell C. Holland and Eugene D. Finchum and Ivan Mullen, a co-partnership d/b/a Finchum Trucking Company, Defendants.

Sandra Mae Rust Carr and Barbara Marie Rust Carr, minors, by Jeanne R. Carr, guardian of the estates and persons of said minors, Appellants, v. LaVera Rust, Administratrix of Estate of Gerald Glen James Rust, Deceased; Roberta Sutter, a minor, by Goldie Sutter, her mother and next friend; Goldie Sutter; Darrell C. Holland and Eugene D. Finchum and Ivan Mullen, a co-partnership d/b/a Finchum Trucking Company, Appellees.

Gen. No. 11,090.

Second District, First Division.

November 25, 1957.

Released for publication December 12, 1957.

369

■■■■■

Michael A. Stapleton, and William T. Connery, both of Dubuque, and James L. Coburn, of Elizabeth, for appellants.

Nack & Nack, of Galena (Louis A. Nack, of counsel) for appellee, LaVera Rust, Administratrix of aforesaid; Harold D. Nagel, of Stockton, for appellees.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

The only question presented by this appeal is the proper distribution of the proceeds of a judgment recovered under the wrongful death act by LaVera Rust as administrator of the estate of Gerald Glen James Rust, deceased.

From the pleadings and evidence it appears that the decedent, Gerald Glen James Rust, died on August 11, 1956 as the result of an automobile collision. At that time he was 34 years of age and employed as a truck driver and bartender and his earnings were between

$65 and $100 per week. A number of years before his death he had married Jeanne Rust and to this marriage two children were born, Sandra Mae Rust and Barbara Marie Rust.

On March 6, 1947 this marriage was terminated by a decree of divorce rendered by the circuit court of Jo Daviess County. On July 25, 1949, the same court in the same proceeding directed Gerald Glen James Rust to pay to Jeanne Rust the sum of $2,000 in full payment and settlement of all claims for support and maintenance of said Sandra Mae Rust and Barbara Marie Rust. This order was complied with.

Subsequently Jeanne Rust married John H. Carr and on December 28, 1949 Mr. and Mrs. Carr legally adopted Mrs. Carr's children by her former marriage and the name of Sandra Mae Rust became Sandra Mae Rust Carr and the name of Barbara Marie Rust became Barbara Marie Rust Carr and these parties are the appellants in this appeal.

The record further discloses that in 1948 Gerald Glen James Rust and LaVera Rust were married and appellees Gayle Rust, seven years of age and Gerald Rust, five years of age are children of this marriage. In September 1954 Gerald Glen James Rust left his wife and children but from the time of their separation until the second week in December 1954, he paid his wife $50 per week for the support of herself and children and thereafter, until the time of his death he paid her $40 per week, for such support. Upon the death of her husband, LaVera Rust was appointed administratrix of his estate and as such administratrix recovered the judgment on November 16, 1956 which is the subject matter of this controversy.

The record further discloses that on the day the judgment in favor of LaVera Rust, administratrix of the estate of her deceased husband was rendered an order was entered distributing said judgment as fol-

lows: LaVera Rust, widow, $7,000; Gayle Rust, $6,000; Gerald Rust, $6,000; Sandra Mae Rust Carr, $1,000; and Barbara Marie Rust Carr, $1,000.

Thereafter, the two Carr children, by their mother, Jeanne Rust Carr, as the guardian of their estates, filed a petition to modify and amend this order of distribution, insisting that they had not been awarded their fair and just proportion of this judgment.

Gayle Rust and Gerald Rust, by their mother as their guardian, answered this petition and filed a cross-petition which averred that on December 28, 1949, the District Court of Dubuque County, Iowa, entered a decree of adoption by the provisions of which Sandra Mae Rust Carr and Barbara Marie Rust Carr became the children of John H. Carr and Jeanne R. Carr; that they were not dependent upon or dependents of, Gerald Glen James Rust, deceased, on November 16, 1956, or at the time of his death. This cross-petition prayed for an order distributing this judgment solely to LaVera Rust, widow, and to Gayle Rust and Gerald Rust, her minor children.

A hearing was had upon the petition and cross-petition resulting in an order modifying the previous order and making distribution according to the prayer of the cross-petition, awarding LaVera Rust $7,000, Gayle Rust, $7,000, and Gerald Rust $7,000. To reverse this order Sandra Mae Rust Carr and Barbara Marie Rust Carr appeal.

It is argued by counsel for appellants that inasmuch as appellants had a right to inherit from their natural father, Gerald Glen James Rust, and had a right to look to him for support, they should be entitled to share in the judgment obtained under the wrongful death act, as that act compensates not only for the present but also for the future loss of support. It is insisted that appellants are lineal kinsmen of decedent and in cases arising out of the wrongful death act a

presumption of pecuniary loss obtains from that relationship alone and it does not follow that because appellants were not dependent on decedent at the time of his death they would not be dependent upon him in the future.

It is insisted by counsel for appellees that the pleadings and evidence disclose that appellees were the only persons who were dependent upon decedent at the time of his death and thus were the only persons entitled, under the statute, to share in the distribution of this judgment.

In the construction of section 2 of the Wrongful Death Act as it existed prior to the amendment made to it by the legislature in 1955, it was held that lineal next of kin were presumed, in a wrongful death case, to have suffered a pecuniary loss entitling them to substantial damages without proof of actual loss, and that this presumption was a substantive element added by the courts by construction to the Wrongful Death Act. (Howlett v. Doglio, 402 Ill. 311; Robertson v. White, 11 Ill.App.2d 177.)

■ The legislature, by the 1955 amendment made to section 2 intended to change the manner of the distribution of the proceeds arising out of a wrongful death action. Prior to the amendment, the amount recovered through suit, or by settlement, was distributed as intestate property among the decedent's widow and next of kin. Now the statute provides that the amount recovered by suit or settlement, is to be distributed on the basis of the actual dependency "of the widow and next of kin of such deceased person in the proportion as determined by the court." The word "dependency" implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. (Peterson v. Industrial Com-

mission, 331 Ill. 254; Crane Co. v. Industrial Commission, 378 Ill. 190.) Dependency connotes support. (King v. Illinois Steel Corp., 92 Ind. App. 456, 176 N. E. 161, 162; Wells-Dickey Trust Co. v. Chicago B. & Q. R. Co., 166 Minn. 79, 207 N. W. 186; Moreto v. United States, 135 Fed. Supp. 327, 330.)

██ This is a case of first impression. The decisive word in the applicable portion of section 2 of the statute is the word, dependency. Under the provisions of the workmen's compensation act the mere showing of a lineal relationship raises no presumption of dependency (Bauer and Black v. Industrial Commission, 322 Ill. 165). Under the Federal Employer's Liability Act, a child who is in no way dependent upon his father and who has no reasonable expectation of any pecuniary benefit as the result of the continuation of his father's life, is not entitled to recover damages for his death. (Gulf, C. & S. R. R. Co. v. McGinnis, 228 U. S. 173, 57 L. Ed. 785, 33 Sup. Ct. 426.)

█ Under section 2 as it existed prior to the amendment, an adult married child who was in no way dependent upon his father shared equally with minor children who were fully dependent upon the father. It was clearly the intention of the legislature to change the mode of distribution of any sum recovered under the wrongful death act and make the distribution depend solely upon the dependency of the widow and next of kin which existed at the time of death.

In the instant case, the evidence showed that the widow and the two Rust children were completely dependent upon the decedent for their support and that the two Carr children were not dependent upon him for support, and, further, that appellants had no reasonable expectation of any pecuniary benefit as a result of the continuation of his life. This is what the trial court decided and what its amended order of distribution provided.

374

A considerable portion of the brief and argument of appellant is devoted to attacking the constitutionality of the portion of section 2 of the wrongful death act involved herein. Counsel for appellees insist that this question was not raised in or passed upon in the trial court. Any question relating to the constitutionality of this provision was waived by appellants taking an appeal to this court. (Kowalczyk v. Swift and Company, 317 Ill. 312, 323; City of Edwardsville v. Central Union Telephone Co., 309 Ill. 482, 483, 484; People v. Parker, 328 Ill. App. 46, 55; Middleton v. The Commercial Inv. Corp., 301 Ill. App. 242, 246.)

The judgment order of the trial court is affirmed.

Judgment order affirmed.

McNEAL and SPIVEY, JJ., concur.