■ EDWARD K. WORMUTH, Respondent, v. DORIS H. KLOCK, Individually, and as Administratrix of the Estate of PHILIP R. RIVENBURGH, Deceased, et al., Respondents, and LAWRENCE A. DOMINICK, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 30, 1974 in Greene County, upon a jury verdict rendered at Trial Term, and from an order of said court, entered May 16, 1974, which denied defendant Dominick's motion to set aside the verdict. In a negligence action seeking money damages for personal injuries, plaintiff was a passenger in a truck owned and operated by defendant Dominick which was in collison with an automobile owned by defendant Klock and being operated by one Rivenburgh. The accident occurred on January 23, 1970 at a " Y " intersection formed by Route 32 and Jennings Road in the Town of Westerlo, Albany County. Plaintiff sued the owners of both vehicles and the estate of Rivenburgh who was killed as a result of the collison. The Jury found both operators negligent and apportioned the liability 25% to Klock and 75% to Dominick. The latter only has appealed and he raises several issues urging reversal. He contends that the court erred in charging subdivision (b) of section 1142 and subdivision (b) of section 1172 of the Vehicle and Traffic Law, and in refusing to charge subdivisions (a) and (e) of section 1180 and subdivision (a) of section 1129 of said law. Defendant Dominick also maintains that the court erred in refusing to allow him to read portions of plaintiff's examination before trial and in receiving in evidence a certain photograph of the scene of the accident. Finally, he urges that the negligence of Rivenburgh was the sole proximate cause of the accident. A review of the evidence reveals considerable conflict in the testimony as to the happening of the accident. Specifically, the witnesses disagreed as to whether defendant Dominick stopped before entering Route 32; as to where the accident happened with reference to the intersection; and the extent of visibility due to snow banks. An examination of the record establishes sufficient proof to permit the jury to find that there was a " yield " sign for traffic coming into Route 32 from Jennings Road; that the accident happened at or just south of the intersection; that defendant Dominick had been proceeding easterly on Jennings Road and turned south onto Route 32 without coming to a complete stop; that Rivenburgh was proceeding north behind a truck and attempted to pass the truck; that defendant Dominick's visibility was greater than that to which he testified; and that there was no restriction or control forbidding the passing of another vehicle for northbound traffic on Route 32 at the scene and just prior thereto. On this record, therefore, the jury could properly find both drivers negligent and apportion the liability as it did. Consequently, the verdict should not be disturbed unless there was reversible error in the conduct of the trial. With regard to the various sections of the Vehicle and Traffic Law charged by the court and its refusal to charge certain other sections, we are unable to conclude on this record that this constituted reversible error. Considering the charge in its entirety, the court clearly and fairly defined the applicable principles of law pertaining to an accident of this sort. Although

we have carefully considered defendant Dominick's additional objections, the only other alleged error which requires our comment is the court's refusal to allow him to read from plaintiff's examination before trial. This, in our view, was not error under the circumstances presented here. Defendant Dominick, however, offered only limited portions of the transcript and much of this phase of the case had been covered by plaintiff on direct or cross examination. The error, therefore, in our view, was insubstantial and harmless. Viewing the record in its entirety, we conclude the verdict should not be disturbed. Judgment and order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.