■ Joseph Favale, Jr., Plaintiff, v M.C.P. Inc., et al., Defendants, and Dealer's Leasing Corp., Defendant and Third-Party Defendant-Appellant, and Bellacicco & Sons, Inc., Defendant and Third-Party Plaintiff-Respondent.—In a negligence action to recover damages for personal injuries and property damages, the third-party defendant Dealer's Leasing Corp. (hereinafter Dealer) appeals from an interlocutory judgment of the Supreme Court, Kings County (Morton, J.), dated January 14, 1985, which, in effect, dismissed its claim against the defendant and third-party plaintiff Bellacicco & sons, Inc. (hereinafter Bellacicco).

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

The instant action was commenced by the plaintiff, *inter alia,* to recover damages for personal injuries that he suffered when his motorcycle collided with a van operated by the defendant West who was allegedly an employee of the defendant Bellacicco. In dismissing the claim of Dealer against Bellacicco, the trial court held, *inter alia,* that "as a matter of law * * * the defendant * * * West was an independent contractor at the time of the incident in question".

We agree with the determination of the trial court.

The distinction between an independent contractor and an employee was clearly set forth in *Matter of Beach v Velzy* (238 NY 100, 103), wherein the Court of Appeals stated: "The independent contractor is one who agrees to do a specific piece of work for another for a lump sum or its equivalent who has control of himself and his helpers, as to when, within a reasonable time, he shall begin and finish the work; as to the method, means or procedure of accomplishing it; and who is not subject to discharge because he does the work as to method and detail in one way rather than another. In the relation of employer and employee the employer has control and direction not only of the work as to its result but as to the

details and method of doing the work and may discharge the employee for disobeying such control and direction" *(see also, Matter of Morton,* 284 NY 167).

Again, in *Felice v St. Agnes Hosp.* (65 AD2d 388, 396), this court stated: "Whether a person is an 'employee' or an 'independent contractor' is an ultimate fact to be determined from the evidence itself. It may be called a conclusion to be drawn from the contract itself, the attitude of the parties toward each other, the nature of the work *and all relevant circumstances".*

Our review of the entire record, including the agreement executed by the defendants Bellacicco and West, wherein West was specifically characterized as an "independent businessman" who had "no right or power, express or implied, to do any act or thing that would bind BELLACICCO, except as herein specifically provided", leads us to the conclusion that the defendant West was not an employee of the defendant Bellacicco but rather an independent contractor *(see also, Matter of Powley v Vivian & Co.,* 169 App Div 170).

We have reviewed the remaining argument raised by Dealer on appeal and find it to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.