■ EDITH L. MARTIN et al., Respondents, v COUNTY OF ALBANY, Appellant.—Yesawich, Jr., J. Appeal (1) from a judgment of the Supreme Court (McDermott, J.), entered December 2, 1986 in Albany County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered July 31, 1987 in Albany County, which denied defendant's motion to set aside the verdict.

Plaintiff Edith L. Martin was injured when the car she was driving failed to negotiate a curve to the right, instead continuing straight ahead where it collided with an oncoming vehicle in the latter's lane of travel, just over the center line. Witnesses at the accident scene described the road surface as slippery, icy and covered with a thin glaze of clear ice referred to as "black ice". Martin and, in a derivative action, her husband brought suit against defendant on the theory that in maintaining this macadam county highway, including plowing and sanding it for many years, defendant deposited snow and ice control materials, such as sand and cinders, on the shoulder of the road; that this material built up the shoulder, which normally slopes away from the paved portion of the road, to such an extent that it was higher than the pavement, causing water from melting snow to run across the highway (rather than into a nearby ditch) where it froze into an invisible film of ice which brought about Martin's accident; and that defendant was aware for some time that this portion of the road, located in a shaded area called the "wood curve", was prone to become slick and freeze over.

Defendant introduced testimony that the shoulder was sloped correctly, that there may have been precipitation at the scene prior to the accident and that Martin contributed to the accident by her own negligence. A unanimous jury found defendant 75% negligent and Martin 25% negligent and awarded damages accordingly. Defendant appeals, urging, among other things, that there were substantial errors in the charge, that Supreme Court improperly marshaled the evidence and that the verdict was against the weight of the evidence.

At the outset, we note that the verdict was supported by the

evidence. While plaintiffs' expert did not state that water running across the highway caused the ice to form on the day of the accident or even that the accident was caused by the icy road, these conclusions were readily inferable by the jury from the evidence presented in that they were not beyond the ken of an ordinary juror (cf., Dougherty v Milliken, 163 NY 527, 533). Giving plaintiffs the benefit of every reasonable inference the record provides (see, Stanton v Niagara Mohawk Power Corp., 116 AD2d 800, 802), the verdict is sustainable.

Although the instructions given to the jury could have been improved upon by prudent reference to appropriate sections of New York's pattern jury instructions for civil cases, the assignments of error raised by defendant do not demonstrate the quantum of prejudice required to justify a new trial (see generally, 1 Newman, New York Appellate Practice § 2.05, at 2-23—2-24). Defendant specifically, and quite rightly, complains that the terms "negligence" and "proximate cause" were not defined by Supreme Court. Their meaning, however, was readily discernible from the context in which they were used in the charge. And while the instruction given on comparative negligence was not conventional, the jurors obviously comprehended its meaning, for in their special verdict they apportioned fault appropriately between the parties. Supreme Court's failure to instruct the jury, though requested to do so, regarding a particular local law, the terms of which are not in the record but are said to require prior written notice of any defective or hazardous highway condition, was harmless in light of the thrust of plaintiffs' proof that defendant affirmatively created the condition here (see, Waring v City of Saratoga Springs, 92 AD2d 1080). The court's explanation regarding the effect of the no-fault carrier's lien against the judgment was necessitated by the testimony elicited from Martin by defendant that medical expenses had been paid by her insurance. Furthermore, the parties' summations are not recorded, nor are they recounted in the briefs, making it impossible to assess what impact comments, if indeed any were made, respecting plaintiffs' receipt of third-party benefits, may have had on the jury. Finally, the effect of any distortion occasioned by Supreme Court's extensive marshaling of the evidence was blunted by its caveat to the jurors that they were the sole determiners of the facts (see, Altman v Deepdale Gen. Hosp., 124 AD2d 768, 769).

Judgment and order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.