■ ELIZABETH MCCLUSKEY et al., Appellants, v WEST BRADFORD CORPORATION et al., Respondents.—Weiss, J. Appeals from three judgments of the Supreme Court (Cheeseman, J.), entered September 28, 1990, October 1, 1990 and October 5, 1990 in Albany County, upon a verdict rendered in favor of defendants.

On August 29, 1985, three days after her employer moved into a newly constructed office building, plaintiff Elizabeth McCluskey (hereinafter plaintiff) sustained injury to her right great toe caused by a piece of metal that was embedded in the grout of the tile floor in the ladies room on the third floor. Plaintiff commenced this negligence action against the landowner, the building owner, the general contractor and the subcontractor which installed the tile floor. A jury returned a verdict of no cause for action. On this appeal, plaintiff claims

error in the denial by Supreme Court of several of her requests to charge, in a remark by opposing counsel during his summation and in the court's refusal to grant a directed verdict in her favor. There should be an affirmance.

Plaintiff first contends that because it was logical to find that the "metal had to become embedded in the cement while it was wet, and under [the] control of the tile contractor, and not after", and absent any direct proof of how and when the metal got there, Supreme Court should have charged the jury on circumstantial evidence as she requested (see, PJI 1:70). The testimony showed that several other workers, any one of which could have inadvertently caused the metal implantation, had worked in the area at the time of and after the subcontractor completed the floor in 1984. Because the inference which plaintiff seeks to have the jury reach cannot be based upon conjecture or speculation and must fairly and reasonably exclude any other explanation (see, Bernstein v City of New York, 69 NY2d 1020, 1021), denial of the request to charge was proper.

The next contention relates to the failure of the building's owner to produce the piece of metal which Dennis Humphrey, the building superintendent, removed from the tile floor and sent to Richard Di Laura, his supervisor, attached with scotch tape to an accident report. Di Laura testified that he had no knowledge of the metal or if it was ever received. Alleging that at issue was the size and characteristics of the piece of metal, as well as whether the owner had notice of it, plaintiff sought a charge that the jury could infer that if the piece of metal had been produced, it would have been unfavorable to the owner. It was conceded that the metal had been imbedded in the floor, but plaintiff did not testify or offer any proof as to how high it protruded above the floor. Because the size of the object was not dispositive of the negligence of any party, and because Humphrey testified that the height was only one eighth of an inch to one quarter of an inch above the surface, any error would be harmless (see, Martin v County of Albany, 138 AD2d 811, 812).

We further find that the instructions given to the jury on the issue of constructive notice did not differ significantly from the charge requested by plaintiff. When the charge is read in its entirety, it is apparent that Supreme Court clearly and fairly instructed the jury on the pertinent legal principles. The court instructed that in order to hold the owner negligent, the jury would have to find that the metal did exist, creating a dangerous condition for a long enough period of

time such that it should have become known in the exercise of reasonable care, and that the failure to correct, safeguard against or warn of its presence was the cause of plaintiff's injuries *(see, Wormuth v Klock,* 47 AD2d 682). We also reject plaintiff's assignment of error to the court's refusal to charge that notice of a dangerous condition is not required to be given to a defendant who has created that condition. The charge as given adequately defined the applicable law and the refusal to grant plaintiff's request does not require reversal *(see, Wormuth v Klock, supra).*

Nor do we find error in Supreme Court's refusal to charge the doctrine of res ipsa loquitur. The general rule is that submission of a case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish, *inter alia,* that the event must have been caused by an agency or instrumentality within the exclusive control of the defendant *(Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226-227). The proof showed that several subcontractors other than the named defendants had access to and did perform extensive construction work in the third floor ladies room. As defendants lacked exclusive control, the theory of res ipsa loquitur was inappropriate.

We similarly find unavailing plaintiff's contention that Supreme Court erred in refusing her request to relate the facts of the case to that portion of the jury instructions on foreseeability. The court explicitly did relate the contentions of each party and the applicable principles of law, and then reminded the jury about every witness who testified. In sum, plaintiff's assignments of error that are centered upon the jury charge, when taken individually or even cumulatively, do not demonstrate the quantum of prejudice required to justify a new trial *(see, Martin v County of Albany,* 138 AD2d 811, 812, *supra).*

We also find lacking in merit plaintiff's contention that a remark by counsel for the contractor, made during his summation and which pertained to her failure to produce expert testimony, requires reversal. There is no likelihood that the verdict would have been different had the single remark not been made *(see, Tomanelli v Lizda Realty,* 174 AD2d 889).

Finally, plaintiff's motion for a directed verdict was properly denied. In *Landry v Di Sarro Constr. Co.* (149 AD2d 859, *affd* 74 NY2d 940), this court stated that on a motion for a directed verdict the court may not weigh the evidence, but must determine that there is no rational process by which the trier

of the facts could find for the nonmoving party upon the evidence presented *(supra,* at 860; *see also, Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). We do not find that the evidence so preponderates in favor of plaintiff that the jury could not have found against her on any fair interpretation of the evidence *(see, Landry v Di Sarro Constr. Co., supra; see also, Van Syckle v Powers,* 106 AD2d 711, 713, *lv denied* 64 NY2d 609; *Tannenbaum v Mandell,* 51 AD2d 593, *lv denied* 39 NY2d 709).

Mahoney, P. J., Levine and Mercure, JJ., concur. Ordered that the judgments are affirmed, without costs.