■ BEVERLY J. DAVIES, Appellant, v CONTEL OF NEW YORK, INC., Respondent.—Harvey, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered July 2, 1991 in Broome

County, which, *inter alia,* granted defendant's motion for judgment dismissing the complaint after the close of the evidence, and (2) from the judgment entered thereon.

In 1985, defendant (under its former name) entered into a construction agreement with E. E. Root & Sons, Inc. (hereinafter Root) for the installation of certain underground cables over an area which included State Route 369 in the Town of Fenton, Broome County, near plaintiff's residence.[1] That summer, plaintiff, after observing one of defendant's trucks at the worksite, called defendant to complain that the excavation of the land across from where she lived along Route 369 was allegedly ruining the land on her property. One of defendant's supervisors responded to the complaint and determined after examining the site that the cable was properly being placed on the State's right-of-way. Thereafter, while walking on State property on July 27, 1985, plaintiff allegedly tripped on a piece of blacktop and injured her knee.

Plaintiff commenced this action as a result of her injuries alleging that defendant, through Root, negligently and carelessly conducted the excavation by reportedly relocating mounds of dirt and blacktop in a manner that blocked plaintiff's access to her property across the road. Following joinder of issue, the matter went to trial. At the close of all proof defendant moved for a directed verdict on the ground that the workers doing the cable work for defendant were independent contractors. Supreme Court thereafter granted defendant's motion on that ground and dismissed the complaint. This appeal by plaintiff followed.

There must be an affirmance. Initially, we reject plaintiff's contention that Supreme Court erred in granting defendant's motion for a directed verdict and deciding the independent contractor issue as a matter of law. Issues surrounding the liability of an employer for the alleged negligence of a hired contractor have been held to be determinations properly made as a matter of law in some instances *(see, e.g., Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663; *Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378; *Favale v M.C.P., Inc.,* 125 AD2d 536). Turning to the merits, we note that on a motion for a directed verdict, the court must not weigh the evidence but must determine that there is no rational process

---

1. We note that a clause in this agreement acknowledges that Root is an independent contractor responsible for all work done by its employees for defendant and that defendant was not liable for acts or omissions by Root in the performance of the work.

by which the jury could find for the nonmoving party upon the evidence presented *(McCluskey v West Bradford Corp.,* 177 AD2d 744, 746-747, *lv denied* 80 NY2d 753). Here, even viewing the evidence presented at trial in the light most favorable to plaintiff, we must agree with Supreme Court that there is no rational process by which the jury could have found for plaintiff on the independent contractor issue. "The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" *(Rosenberg v Equitable Life Assur. Socy., supra,* at 668). While numerous exceptions to this rule exist, plaintiff here invokes the exceptions holding the party engaging the independent contractor vicariously liable where there is proof that the employing party interferes with and controls or directs the performance of the work or where the work being performed is inherently dangerous *(see, supra; Moore v Charles T. Wills, Inc.,* 250 NY 426, 428-429; *Fischer v Battery Bldg. Maintenance Co., supra,* at 379; *Horn v State of New York,* 31 AD2d 364, 366).

We cannot agree that plaintiff's proof was sufficient to qualify for these exceptions. The mere fact that defendant kept a log of complaints on its projects, sent a supervisor to investigate a complaint and had a truck at the worksite from time to time does not establish that defendant exercised the control over Root's work which would make defendant liable *(see, Moore v Charles T. Wills, Inc., supra; Horn v State of New York, supra,* at 366-367). Moreover, it cannot be found, under the circumstances presented here, that the installation of underground cable is such inherently dangerous work as to create a nondelegable liability on the part of the entity employing the independent contractor *(see, Rosenberg v Equitable Life Assur. Socy., supra,* at 669). Consequently, we find no error in Supreme Court's determination that defendant was not liable for any alleged negligence of Root.

Plaintiff's remaining arguments have been examined and found to be without merit. The proof at trial was more than adequate to establish Root's status as an independent contractor *(see, Favale v M.C.P., Inc.,* 125 AD2d 536, 537, *supra),* regardless of which party bore the burden of proof on this issue.[2]

---

2. We note parenthetically that it appears that plaintiff bore the burden of proving that Root was not an independent contractor as a necessary part of proving her prima facie case *(see,* 57 NY Jur 2d, Evidence and Witnesses, §§ 165, 168, 170, at 378, 382, 384).

Mikoll, J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.